(688 P.2d 270)

No. 56,092

Harvey Swager, *Plaintiff-Appellant,* v. Board of Education, Unified School District No. 412, Sheridan County, Kansas, *Defendant-Appellee.*

Petition for review denied October 2, 1984.

Opinion filed August 2, 1984.

*Diane L. Hull*, of Topeka, for the plaintiff-appellant.

*John R. Eland,* of Hoxie, for the defendant-appellee.

Before FOTH, C.J., PARKS and MEYER, JJ.

MEYER, J.: Plaintiff-appellant Harvey Swager (plaintiff) brought this action against defendant-appellee Board of Education, U.S.D. No. 412, Sheridan County, Kansas (defendant), alleging that defendant had improperly nonrenewed his contract of employment as a teacher. Plaintiff prayed for a declaratory judgment establishing his right to reinstatement. On motion for summary judgment, the district court ruled in favor of defendant. Plaintiff appeals.

Plaintiff has been employed as a teacher with U.S.D. No. 412 since the 1979-80 school year. During the 1982-83 school year, plaintiff taught high school math; additionally, plaintiff was head coach for basketball and an assistant coach for football. Plaintiff received additional remuneration for these additional duties.

Near the end of the 1982-83 school year, plaintiff was informed that he would not be retained as head basketball coach the following year. Plaintiff was told that if he did not resign that position, he would be removed from it. Accordingly, on or about March 30, 1983, plaintiff dispatched the following letter to defendant:

"Board of Education
U.S.D. #412
Hoxie, Ks.

I feel that the basketball program is finally headed in the right direction, however, I feel that it would be in the best interest of the school district for me to resign.

Therefore, I hereby resign from the duties of Head Basketball Coach at the end of the 1982-83 school year. I am looking forward, however, to continuing my teaching profession.

Harvey D. Swager"

On April 8, 1983, defendant responded with the following letter:

"Dear Mr. Swager:

The Board of Education of Unified School District No. 412 has received your resignation and non-renewal of your present employment contract to take effect at the end of the 1982-83 school year.

As you know, your duties as head basketball coach are an integral and substantial part of your present employment contract. It is certainly understandable that you would not want to renew the present contract if you are unable or unwilling to perform a substantial part of the duties under the contract.

Accordingly, the Board has accepted your resignation and non-renewal of your present employment contract as of the 1983-94 [sic] school year.

/s Shirley Kahle
President of the Board of
Education of Unified School
District No. 412"

Plaintiff contested defendant's interpretation of his resignation. By letters dated April 26, 1983, plaintiff informed defendant of his discontent and formally requested a hearing on his nonrenewal, pursuant to K.S.A. 72-5438.

By letter dated May 2, 1983, defendant responded as follows:

"Dear Mr. Swager:

The Board of Education of U.S.D. 412 would like to clarify some of the issues raised in your letter of April 26, 1983 as follows:

1. In your letter of April 26, 1983, you state that you have previously received a notice of nonrenewal from the Board of Education, U.S.D. 412. This is incorrect. The letter of April 8, 1983, written to you by the Board, was merely an acceptance of your resignation and an acknowledgement of your nonrenewal of your teaching contract for the coming school year.

2. In a prior letter from you, addressed to the Board, and dated March 30, 1983, you stated to the Board as follows:

'I feel that the basketball program is finally headed in the right direction, however, I feel that it would be in the best interest of the school district for me to resign.'

3. This paragraph was interpreted by the Board as a resignation of your contract.

4. That same letter goes on to state as follows:

'Therefore, I hereby resign the duties of head basketball coach at the end of the 1982-83 school year. I am looking forward, however, to continuing my teaching profession.'

5. This paragraph is confusing. This last paragraph may or may not be interpreted as a qualification of the general resignation contained in the first paragraph of your letter. At the very least, it is to be interpreted as a rejection of your duties as head basketball coach for the 1983-84 school year. Those duties are an integral and substantial part of your continuing contract with this school district. Your letter must be considered to constitute a rejection of a substantial part of your continuing contract for the next school year and therefore a nonrenewal, on your part, of that contract.

Accordingly, the Board concluded that there was no necessity for the Board to nonrenew your contract when you had already nonrenewed the contract yourself both by general resignation and by a rejection of a substantial and integral part of the contract.

Sincerely yours,
/s Shirley Kahle
President of the Board of
Education of U.S.D. 412"

Plaintiff thereafter instituted this suit for declaratory judgment.

Both parties moved for summary judgment. The court granted judgment for defendant, finding generally that plaintiff was employed pursuant to a single primary contract, which he had unilaterally sought to divide into a primary and a supplemental contract. The court held that this attempted separation terminated the entire contract, by mutual assent of the parties. The court concluded that by his rejection of a substantial and integral part of his contract, plaintiff had in effect nonrenewed his own contract, and therefore the due process provisions of K.S.A. 72-5438 did not apply. Plaintiff appeals, challenging the trial court's conclusions.

K.S.A. 72-5437 provides that in order for a school board to terminate or nonrenew a teacher's contract of employment, written notice of such termination or nonrenewal must be given to the teacher in a timely fashion. K.S.A. 72-5438 dictates the form and contents of the written notice, as well as the procedures for selecting a hearing committee, should the teacher exercise his prerogative to contest his termination or nonrenewal. K.S.A. 72-5439 declares the minimum standards of procedural due process which must be observed at the hearing. See generally *Coats v. U.S.D. No. 353*, 233 Kan. 394, 397, 662 P.2d 1279 (1983); and K.S.A. 72-5411, since amended.

Plaintiff was not afforded notice or a hearing pursuant to the above statute. Being a tenured teacher, plaintiff would be entitled to such due process upon his involuntary nonrenewal. See K.S.A. 72-5445. However, the trial court ruled that plaintiff had voluntarily nonrenewed his own contract. In such a situation, the teacher would clearly have no due process rights.

The trial court concluded that all of plaintiff's various teaching and coaching duties were parts of a single, indivisible primary contract of employment. Plaintiff alleges that only his teaching duties were primary, and that his coaching duties were supplemental contracts, as those contracts are defined by K.S.A. 72-5413(*o*):

"(*o*) 'Supplemental contracts' means contracts for employment duties other than those services covered in the principal or primary contract of employment of the professional employee, and shall include but not be limited to such services as *coaching*; supervising, directing and assisting extracurricular activities, chaperoning, ticket taking, lunchroom supervision, and other similar and related activities." (Emphasis added.)

K.S.A. 72-5412a provides:

"The board of education of any school district may enter into a supplemental contract of employment with any employee of the district. As used in this section 'supplemental contract' means a contract for services other than those services covered in the principal or primary contract of employment of such employee, and shall include but not be limited to such services as coaching, supervising, directing and assisting extra curricular activities, chaperoning, ticket taking, lunch room supervision and other similar and related activities. The provisions of article 54 of chapter 72 of Kansas Statutes Annotated which relate to the continuation of teacher contracts and to the due process procedure upon termination or nonrenewal of a teacher's contract do not apply to any supplemental contract of employment entered into under this section."

K.S.A. 72-5412a removes supplemental contracts from all of Article 54, Chapter 72 of the Kansas Statutes. *NEA-Wichita v. U.S.D. No. 259,* 225 Kan. 395, 402, 592 P.2d 80 (1979). Thus, the due process provisions related above need not be employed when a teacher is subjected to termination or nonrenewal of a supplemental contract.

The issue before us is whether plaintiff's contract of employment for the 1982-83 school year was, as plaintiff contends, in reality several contracts: a primary contract to teach high school math and supplemental contracts to act as head coach for basketball and assistant coach for football; or whether, as defendant argues, plaintiff entered into a contract to fill a single position, a position requiring the performance of multiple duties.

Plaintiff argues that K.S.A. 72-5412a is controlling on this issue. His premise is that the language of K.S.A. 72-5412a is mandatory—that is, that coaching duties must always be performed pursuant to supplemental contracts, and that a teacher cannot be required to accept such duties as part of his primary contract. From this premise flows the proposition that plaintiff in no manner elected to voluntarily nonrenew his primary contract as a math teacher when he submitted his resignation from the position of head basketball coach.

Defendant argues precisely the contrary—that the language of K.S.A. 72-5412a is permissive: that it allows the board of education to enter into supplemental contracts for certain services by teachers, but does not require that such services be pursuant to supplemental contracts. Stated another way, K.S.A. 72-5412a does not prohibit the board of education from including coaching duties as part of a teacher's primary contract.

Plaintiff's employment contract for the 1982-83 school year is reproduced herein:

# TEACHER'S CONTRACT

## Unified School District No. 412

Hoxie, Kansas 67740

This contract made and entered into this __13th__ day of ___May_____, 19 _82_, by and between the Board of Education of Unified School District No. 412, Sheridan County, State of Kansas, hereinafter called "Board" and __Harvey Swager____ _____ _____, hereinafter called "Teacher".

The parties hereto agree that Teacher shall be employed by Board as an employee of said Unified School District No. 412, Sheridan County, Kansas, for the school year 19__82_ 19_83_ as defined and scheduled by Board at the salary of

$ __16,540.00___ for said year, said salary being derived as follows:

STEP ____ _5BS_____ Regular Salary Schedule       $14,200.00
Tentative Major Assignment Additional Duties as Described:

| | | |
|---|---|---|
| High School Math | | |
| Head High School BB | 11% | 1,430.00 |
| Asst High School FB | 7% | 910.00 |

Fringe Benefit   ($865)

Said salary shall be payable in twelve (12) equal installments as directed by the Board: Provided, the last payment under this contract to be made only after said teacher shall have made all required reports, and accounted for all school property charged to Teacher during the terms of teacher's incumbency.

This contract is subject to the following terms and conditions:

1. The service to be performed by the Teacher shall be determined and assigned by the Superintendent of Schools, subject to the policies, rules and regulations of the Board. The Board reserves the right to assign the grade and room in which said Teacher shall teach and to transfer to any educational project or program of the school district for which Teacher is qualified.

2. This contract is contingent upon Teacher being and remaining certified during the term of employment with respect to the position for which Teacher is employed as provided by law; and in event Teacher shall be unable to furnish to and maintain with Board an applicable Kansas Teachers Certificate to be in full force and effect during the term of employment, this contract shall be null and void or terminated and cancelled.

3. The Board reserves the right to terminate this Contract for violation of any of its terms, or for cause as provided by law.

4. In the event the employment of Teacher should be terminated for any reason prior to the expiration of the school year, the salary as hereinbefore specified shall be adjusted and paid on the basis of that amount, which when added to the compensation theretofore paid, shall bear the same relationship to the total salary above specified as the number of days of actual duty prior to the effective date of termination shall bear to the number of duty days of school year as defined and scheduled by the Board.

5. In the event Teacher is absent from duty, except as hereinafter specified, deduction shall be made from the salary for each day of absence as provided by the rules and regulations of Board. Deduction shall not be made in the event such absence is covered by sick leave, or the result of other authorized absence in accordance with and subject to rules and regulations of the Board.

6. This Contract is subject to the terms and provisions of the Kansas Cash Basis law, and the Kansas Budget Act, and amendments thereof or supplements thereto respectively.

7. This is subject to the negotiated master contract between the USD #412 Board of Education and Sheridan County Education Association.

WITNESS OUR HANDS on the day and year first above written.

_Harvey D Swager_
Teacher

_Debbie Rockestrol_
Clerk, Board of Education

_Shirley Kalli_
President, Board of Education

We are inclined to accept plaintiff's argument. Despite the fact that plaintiff executed but a single instrument, we feel that the provisions of K.S.A. 72-5412a require that his primary contract of employment was as a math teacher and his coaching duties were incident to supplemental contracts. The statute uses the mandatory language that " 'supplemental contract' means a contract for services . . . and shall include . . . such services as coaching . . . ." In our opinion, this language is itself a clear expression of a legislative intent to prohibit school districts from making supplemental duties, such as coaching, part of a teacher's primary contract. We would also note with interest that a proposed amendment to K.S.A. 72-5412a was introduced during the 1984 session of the Kansas Senate. That proposal, denominated Senate Bill No. 740, would have changed the above noted mandatory language to a more permissive statement, to wit:

"Those services which may be performed under supplemental contracts of employment include, but not by way of limitation, such services as coaching, supervising, directing and assisting extracurricular activities, chaperoning, ticket taking, lunch room supervision and other similar and related activities."

S.B. 740 would have also added the following subsection to K.S.A. 72-5412a:

"(b) The principal or primary contract of employment of any employee may be terminated or nonrenewed by a board on the basis of refusal by an employee to enter into a supplemental contract of employment."

On March 6, 1984, S.B. 740 came on for a roll call vote before the Senate as a Committee of the Whole. The bill was defeated, 36-4, which to us is a reiteration of the above-stated legislative intent. *Journal of the Senate,* Session of 1984, p. 1096.

Thus, we hold that plaintiff's single written contract memorialized several contracts: a primary contract to act as a teacher of high school math, and supplemental contracts to act as head basketball coach and assistant football coach. Just as the school district in *NEA-Wichita v. U.S.D. No. 259,* 225 Kan. 395, could not characterize primary contracts as supplemental ones, de-

fendant herein cannot transform supplemental contracts into primary ones by combining the contracts in a single written instrument.

Moreover, we reach the same result as above by applying the traditional rules of contract construction.

Whether the instrument creates a single, indivisible, primary contract which consists of several duties, or a primary contract as a math teacher and supplemental contracts for coaching duties, is a question of contract construction.

The trial court concluded that the contract was singular and indivisible. This case comes to us on appeal from summary judgment. Neither party contends that the case was not ripe for summary judgment. Our own review of the record reveals no dispute as to the material facts. This being so, we are not bound by the trial court's conclusions of law, but are free to reach our own conclusions based on the factual record before us. Thus, we approach de novo the question of contract construction posed by this case.

"A cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to such intention. *Mobile Acres, Inc. v. Kurata,* 211 Kan. 833, Syl. ¶ 2, 508 P.2d 889 (1973); *Pottratz v. Firkins,* 4 Kan. App. 2d 469, 471, 609 P.2d 185 (1980)." *Johnson v. Johnson,* 7 Kan. App. 2d 538, 542, 645 P.2d 911, *rev. denied* 231 Kan. 800 (1982).

More specific to this case is the following holding from *Blakesley v. Johnson,* 227 Kan. 495, Syl. ¶ 1, 608 P.2d 908 (1980):

"Whether or not a contract is entire or divisible is a question of construction to be determined by the court according to the intention of the contracting parties as ascertained from the contract itself and upon a consideration of all the circumstances surrounding the making of it."

As we view it, the instrument itself is somewhat ambiguous—it is reasonably susceptible to either of the constructions advanced. We must therefore look beyond the written contract, into the circumstances of this case.

Looking to the record on appeal, we find affidavits from plaintiff and other teacher-coaches which show that defendant has from time to time acted unilaterally and without due process to remove coaches from their positions. In so acting, defendant has demonstrated that it believes coaching duties are beyond Article 54 of Chapter 72 of the Kansas Statutes—i.e., that coaching duties are performed incident to *separate* supplemental

contracts. Defendant's instant argument, that coaching duties are an integral part of plaintiff's primary contract, is totally incongruous with its prior course of conduct. We reject that argument, and hold that by its actions defendant has clearly manifested its intent to treat coaching assignments as supplemental contracts. Thus, we conclude that plaintiff's duties as head basketball coach were not part of his primary contract of employment, but were incidental to a supplemental contract.

The fact that there is but one written contract of employment between plaintiff and defendant does not dissuade us from this conclusion. As we have described above, we construe this one written instrument as a memorialization of several separate and distinct contracts. We have found no rule in the law of contracts which would be offended by such a construction. And this construction is reasonable in these circumstances. The instrument, though singular in form, lists each duty separately, as well as the corresponding amount of salary to be derived from each. Plaintiff's duties as a high school math teacher are labeled "tentative major assignment," while his coaching assignments are described as "additional duties." Semantically speaking, these labels are not far removed from "primary contract" and "supplemental contracts."

Applying our conclusion to the facts in the case at bar, we first reject defendant's argument that plaintiff's letter of March 30, 1983, was a general resignation from all his duties. The apparent statement of general resignation contained in the first paragraph is more than adequately qualified by the second paragraph, where plaintiff plainly and unambiguously expresses his intention to resign only from his duties as head basketball coach.

Having concluded that plaintiff's assignment as head basketball coach was incidental to a supplemental contract, and that plaintiff's resignation was a qualified resignation from only that assignment, only one question remains: can the teacher unilaterally terminate or nonrenew a supplemental contract? We hold that the teacher can. Clearly, the school board can unilaterally terminate or nonrenew a supplemental contract. It would appear to us inconsistent, not to mention unfair, to deny the teacher the right to reject that which the school district has the right to withhold.

Defendant cites *Riley County Education Ass'n v. U.S.D. No.*

*378*, 225 Kan. 385, 592 P.2d 87 (1979) for the proposition that a school district may condition a teacher's employment under a primary contract upon the teacher's acceptance of a supplemental contract. The facts in *Riley County Education Ass'n* differ significantly from those in the case at bar, and the rule from that case should not be extended to this. The following brief review will illustrate this point.

Negotiations between the Riley County Education Association and the Board of Education of U.S.D. No. 378 (Board) toward teachers' contracts for the 1977-78 school year had broken down. Accordingly, the Board issued unilateral contracts to the teachers. Some of these unilateral contracts were in the form of "packages": they consisted of both primary and supplemental contracts. The Board required the teacher to accept or reject the whole "package"; that is, acceptance of the primary contract was conditioned upon acceptance of the supplemental contract. The Supreme Court held that the Board could so condition the acceptance of its unilateral contracts under those circumstances. The court noted that if a teacher rejected his "package" he still had the option to proceed under the Continuing Contract Law, and thus, at the very least, he "would be teaching under the same terms as the preceding year with the exception that no supplemental contract would continue under the Continuing Contract Law." 225 Kan. at 392.

By way of contrast, plaintiff in the case at bar was not issued a unilateral contract by defendant, he was given a unilateral notice of nonrenewal, and a defective one at that. Defendant herein has not respected plaintiff's right to a due process hearing on his nonrenewal, nor his rights under the Continuing Contract Law.

In conclusion, we hold that plaintiff's letter of March 30, 1983, was a voluntary notice of nonrenewal of his supplemental contract to act as head basketball coach; that plaintiff was within his rights to nonrenew his supplemental contract; and this nonrenewal had no effect on plaintiff's primary contract of employment as a math teacher. From this conclusion, it follows that defendant's letters of April 8, 1983, and May 2, 1983, were notices of nonrenewal of plaintiff's primary contract. As such, they failed to meet the requirements of K.S.A. 72-5438. Moreover, plaintiff was afforded no hearing on his nonrenewal, as is also required by K.S.A. 72-5438. Under these circumstances we

have no hesitancy in declaring that plaintiff is entitled to reinstatement to his former position as a high school math teacher, with commensurate salary retroactive for the 1983-84 school year.

The judgment of the district court is reversed and this case is remanded to the district court with directions to enter in favor of plaintiff a declaratory judgment in accordance with this opinion.

Reversed and remanded with directions.