(717 P.2d 526)

No. 58,353

UNIFIED SCHOOL DISTRICT NO. 241, WALLACE COUNTY, KANSAS, *Appellee*, v. CHARLES SWANSON and UNIFIED SCHOOL DISTRICT NO. 241 PROFESSIONAL EMPLOYEES ASSOCIATION, *Appellants*.

Opinion filed April 17, 1986.

*Thomas L. Toepfer,* of Hays, for appellants.

*H. David Starkey,* of Lowe, Starkey & Gatz, of Colby, for appellee.

Before BRAZIL, P.J., STEVEN P. FLOOD, District Judge, assigned, and ADRIAN J. ALLEN, District Judge, assigned.

FLOOD, J.: This appeal is a sequel to *Swager v. Board of Education, U.S.D. No. 412,* 9 Kan. App. 2d 648, 688 P.2d 270 (1984).

Charles Swanson was a tenured teacher with Unified School District No. 241. For the 1983-84 school year his contract provided that he would teach American History, Drivers Education, and Physical Education, and perform supplemental duties as head boys' basketball coach, track coach, and supervise laundry duty. On May 11, 1984, Swanson wrote a letter expressing his intent to resign as basketball coach. In August, U.S.D. No. 241 reissued a contract dated July 16, 1984, to Swanson with the basketball position eliminated.

In September 1984, the superintendent posted notices at the school seeking applicants for the basketball coach position. No applications were received. Thereafter, he assigned the position to Swanson. When Swanson declined the assignment, U.S.D. No. 241 brought a declaratory judgment action. The district court relied on a provision in the negotiated agreement between U.S.D. No. 241 and the Professional Employees Association which provided for assignment of supplemental duties when these duties could not be filled voluntarily.

The district court entered declaratory judgment for the school district, finding the teacher's refusal to accept the extra duty amounted to insubordination and was a breach of contract.

In *Swager*, 9 Kan. App. 2d 648, this court held that a teacher cannot be required to accept supplemental duties as part of his primary teaching contract and may unilaterally terminate or nonrenew his supplemental contract. However, this court did not have to consider a provision of a negotiated agreement. In this case, the applicable negotiated agreement provides:

"Vacant extra duty positions shall be first filled by teachers willing to accept the position. The balance . . . shall be assigned by the administration. Extra duty assignments shall be made to share the extra duty assignments as equitably as possible."

Nor did this court in *Swager* address the 1980 amendments to K.S.A. 72-5412a and K.S.A. 72-5413. Prior to 1980, K.S.A. 72-5412a (Weeks) provided that none of the provisions of Article 54 of Chapter 72 of the Kansas Statutes Annotated applied to supplemental contracts. The Kansas Supreme Court has held that such contracts were not subjects for professional negotiation. *Chee-Craw Teachers Ass'n v. U.S.D. No. 247*, 225 Kan. 561, 593 P.2d 406 (1979). K.S.A. 72-5412a, as amended, now provides that only the provisions of Article 54 relating to due process and continuing contract law remain non-negotiable as to supplemental contracts. K.S.A. 72-5413(l), as amended, now provides that pay for a supplemental contract is mandatorily negotiable. Arguably, supplemental contract duty assignments were subjects for permissible negotiation by U.S.D. No. 241.

However, K.S.A. 72-5413(l)(3) also provides in part:

"Except as otherwise expressly provided in this subsection, the fact that any matter may be the subject of a statute or the constitution of this state does not preclude negotiation thereon *so long as the negotiation proposal would not prevent the fulfillment of the statutory or constitutional objective.*" (Emphasis supplied.)

In *Swager*, 9 Kan. App. 2d 648, Syl. ¶ 2, this court held:

"The provisions of K.S.A. 72-5412a are mandatory, and require that the duties there enumerated, as well as other similar and related activities, be performed pursuant to supplemental contracts. This mandatory language is a clear expression of a legislative intent to prohibit school districts from making supplemental duties, such as coaching, part of a teacher's primary contract. Thus, a teacher cannot be required to accept such duties as part of the primary contract of employment."

This court reached this conclusion partly because of unfairness or lack of mutuality, saying:

"Clearly, the school board can unilaterally terminate or nonrenew a supplemental contract. It would appear to us inconsistent, not to mention unfair, to deny the teacher the right to reject that which the school district has the right to withhold." 9 Kan. App. 2d at 656.

This court also noted that during the 1984 session of the Kansas Legislature, a bill permitting termination of a primary contract for refusal to accept a supplemental contract was defeated in the Senate by a vote of 36-4. 9 Kan. App. 2d at 654.

The statutory scheme and legislative intent as interpreted by this court in *Swager* is that a teacher may not have his primary contract terminated for refusal to accept a supplemental contract. Provisions of a negotiated agreement which conflict with a statutory scheme are void and unenforceable. *Ottawa Education Ass'n v. U.S.D. No. 290*, 233 Kan. 865, Syl. ¶ 2, 666 P.2d 680 (1983); K.S.A. 72-5413(l)(3).

The provision of the negotiated agreement in this case conflicts with the statutory scheme as it relates to unilateral assignment of supplemental contract duties. It is void and cannot be the basis for a finding of breach of contract. The district court judgment is reversed with directions to enter declaratory judgment for the teacher in accordance with this opinion.

Reversed and remanded with directions.