No. 59,594

ROBERT HACHIYA and CHERI LIVINGSTON, *Appellants,*

v.

BOARD OF EDUCATION, UNIFIED SCHOOL DISTRICT NO. 307,
SALINE COUNTY, KANSAS, *Appellee.*

(750 P.2d 383)

Opinion
filed February 19, 1988.

*David M. Schauner,* of Topeka, argued the cause and *Sally H. Rogers,* of
Topeka, was with him on the brief for appellants.

*Robert M. Adrian,* of King, Adrian, King & Brown, Chtd., of Salina, argued the
cause and was on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: The plaintiffs, Hachiya and Livingston, brought the present action for a writ of mandamus and permanent injunction against defendant school board seeking their reinstatement as full-time teachers, award of back pay, and other relief. Both parties filed motions for summary judgment. The district court granted summary judgment for defendant and the plaintiffs appealed to the Court of Appeals. The Court of Appeals in an unpublished opinion filed May 21, 1987, affirmed the decision of the district court. This court granted plaintiffs' petition for review.

The plaintiff, Robert Hachiya, was first employed by U.S.D. No. 307 in August 1980, as a full-time teacher. In addition to his classroom duties, he was given two supplemental assignments, which were assistant football and basketball coach. The school day in U.S.D. No. 307 was divided into seven class periods. Hachiya taught a full schedule, which consisted of six class periods and one planning period.

During the 1981-82 school year, he again taught a similar full schedule and was assigned supplemental duties as head football coach and senior high girls' basketball coach. At the end of this school year, he acquired tenure pursuant to K.S.A. 72-5436 *et seq.*

Hachiya again taught a full schedule in the 1982-83 school year; however, his class schedule was changed. Instead of teaching American History, he was assigned "seventh and eighth grade assistant P.E." during his sixth class period. This class was practice time for the competitive seventh and eighth grade athletic events, which were played after school. Seventh and eighth grade boys had the option of enrolling in physical education or athletics. No after-school practice time was provided.

Plaintiff Cheri Livingston was first employed as a full-time teacher by U.S.D. No. 307 in August 1979. She continued as a full-time teacher through the 1984-85 school year. During that time, she taught six class periods and one planning period. Since her employment in 1979, she has been assigned "seventh and eighth grade girls athletics," which is also the practice time for competitive junior high athletic events played after school. In addition, she has always accepted the supplemental coaching assignment for all senior and junior high girls' sports. She had also achieved tenure.

In November 1984, both Hachiya and Livingston resigned their respective supplemental duties as head coach for all junior high sports for the 1985-86 school year. The defendant tabled any action on the resignations until March 1985, at which time the resignations from the "position of coach for" junior high athletics were accepted by the Board. In April 1985, the March Board meeting minutes were amended by deleting the words "coach for" and stating the Board would "accept the resignation of Mr. Hachiya from his position of 7th and 8th grade athletics" and "accept the resignation of Miss Livingston from her position of 7th and 8th grade athletics." By letter dated April 9, 1985, both plaintiffs were informed by the Board that they would be offered a 6/7 contract for the 1985-86 school year. The plaintiffs signed the contracts as offered, specifically reserving their right to file this action.

The plaintiffs filed their petition on June 19, 1985, alleging the Board's action in reducing their primary contracts was a violation of their right to resign from a supplemental duty without being penalized. Both plaintiffs and defendant filed motions for summary judgment. On April 23, 1986, the trial court granted summary judgment in favor of the defendant.

The basic issue involved in the present appeal is whether the junior high school athletics classes taught by the plaintiffs were classes properly covered by the plaintiffs' primary contracts of employment, or whether they were duties undertaken under a supplemental contract of employment. In granting defendant's motion for summary judgment, the district court found that the plaintiffs' obligations to coach the junior high school practice classes were governed by their primary contracts of employment and that the plaintiffs had voluntarily resigned one of their regular classroom duties.

The Court of Appeals, in affirming the district court, found that the Board was within its rights to make what is normally a supplemental duty a part of the primary contract of junior high teachers. The Court of Appeals recognized the existence of precedent to the contrary in decisions it rendered in prior cases, but distinguished these cases "from this case because of the [Kansas Administrative] regulations applicable to junior high schools." The Court of Appeals stated:

"The case of *Swager v. Board of Education, U.S.D. No. 412*, 9 Kan. App. 2d 648, [688 P.2d 270, *rev. denied* 236 Kan. 877 (1984),] and the later case of *U.S.D. No. 241 v. Swanson*, 11 Kan. App. 2d 171, 717 P.2d 526 (1986), involved high school teachers and their duties. There are no statutes or regulations which authorize high schools to conduct athletic practice during the school day. However, K.A.R. 91-31-14c(c)(4) (1986 Supp.) does permit junior high schools to schedule one hour of practice time per school day in preparation for interscholastic athletic competition. Therefore, it appears that the Board was in compliance with the regulations applicable to junior high schools in scheduling one hour of practice time during the school day."

### K.S.A. 72-5412a provides:

"The board of education of any school district may enter into a supplemental contract of employment with any employee of the district. As used in this section 'supplemental contract' means a contract for services other than those services covered in the principal or primary contract of employment of such employee, and shall include but not be limited to such services as coaching, supervising, directing and assisting extra curricular activities, chaperoning, ticket taking, lunch room supervision and other similar and related activities. The provisions of article 54 of chapter 72 of Kansas Statutes Annotated which relate to the continuation of teacher contracts and to the due process procedure upon termination or nonrenewal of a teacher's contract do not apply to any supplemental contract of employment entered into under this section."

The plaintiffs argue that, pursuant to the plain language of the statute, coaching is a supplemental duty which must be included in a supplemental contract and that the Board of Education is circumventing the statutory mandate of K.S.A. 72-5412a by making coaching duties a part of plaintiffs' primary contracts and, as such, forcing the plaintiffs to accept coaching duties as part of their primary duties. Plaintiffs rely upon the Court of Appeals decisions in *Swager v. Board of Education, U.S.D. No. 412*, 9 Kan. App. 2d 648, 688 P.2d 270, *rev. denied* 236 Kan. 877 (1984), and *U.S.D. No. 241 v. Swanson*, 11 Kan. App. 2d 171, 717 P.2d 526 (1986), and contend the defendant's action is in contravention of the rulings in those cases.

The Court of Appeals specifically recognized the mandatory provisions of K.S.A. 72-5412a in the *Swager* and *Swanson* cases. At issue in *Swager* was the nature of the coaching duties of the plaintiff/teacher. The plaintiff contended that his employment contract with the school board contained, in reality, two severable contracts—a primary contract to instruct high school math

and a supplemental contract to coach basketball and football. The Court of Appeals, in finding for the plaintiff, summarized the plaintiff's argument:

"His premise is that the language of K.S.A. 72-5412a is mandatory—that is, that *coaching duties must always be performed pursuant to supplemental contracts*, and that a teacher cannot be required to accept such duties as part of his primary contract. . . .

"Defendant argues precisely the contrary—that the language of K.S.A. 72-5412a is permissive: that it allows the board of education to enter into supplemental contracts for certain services by teachers, but does not require that such services be pursuant to supplemental contracts. Stated another way, K.S.A. 72-5412a does not prohibit the board of education from including coaching duties as part of a teacher's primary contract.

. . . .

"We are inclined to accept plaintiff's argument." (Emphasis added.) 9 Kan. App. 2d at 652-54.

The Court of Appeals found that the language of K.S.A. 72-5412a did not permit coaching duties to be covered by a primary contract of employment:

"The statute uses the mandatory language that ' "supplemental contract" means a contract for services . . . and shall include . . . such services as coaching . . . .' In our opinion, this language is itself a clear expression of a legislative intent to prohibit school districts from making supplemental duties, such as coaching, part of a teacher's primary contract." 9 Kan. App. 2d at 654.

The Court of Appeals' summary of its holding in *Swager* also rejected the contention that coaching activities may be covered by a primary contract of employment:

"The provisions of K.S.A. 72-5412a are mandatory, and require that the duties there enumerated, as well as other similar and related activities, be performed pursuant to supplemental contracts. This mandatory language is a clear expression of a legislative intent to prohibit school districts from making supplemental duties, such as coaching, part of a teacher's primary contract. Thus, a teacher cannot be required to accept such duties as part of the primary contract of employment." 9 Kan. App. 2d 648, Syl. ¶ 2.

Finally, the Court of Appeals, in *Swager*, found further support for its position from attempted amendments of K.S.A. 72-5412a, which would have altered the mandatory language of the statute. Rejection of the proposed amendments was, to the Court of Appeals, "a reiteration of the above-stated legislative intent." 9 Kan. App. 2d at 654. The Court of Appeals decision in *Swager* was later followed in *Swanson*, 11 Kan. App. 2d 171. In *Swanson*,

the defendant was a tenured teacher and boys' basketball coach. He resigned from the coaching duties, and the superintendent, after having received no applications for the coaching position, assigned Swanson to the position. Swanson declined the assignment and the school board brought a declaratory judgment action. In entering judgment for the school board, the district court relied on the negotiated agreement between the board and the teachers, which provided for such an assignment when the position could not be voluntarily filled. On appeal, the Court of Appeals reversed, based upon the decision in *Swager*. The court stated:

"The statutory scheme and legislative intent as interpreted by this court in *Swager* is that a teacher may not have his primary contract terminated for refusal to accept a supplemental contract. Provisions of a negotiated agreement which conflict with a statutory scheme are void and unenforceable. *Ottawa Education Ass'n v. U.S.D. No. 290*, 233 Kan. 865, Syl. ¶ 2, 666 P.2d 680 (1983); K.S.A. 72-5413(l)(3).

"The provision of the negotiated agreement in this case conflicts with the statutory scheme as it relates to unilateral assignment of supplemental contract duties. It is void and cannot be the basis for a finding of breach of contract." 11 Kan. App. 2d at 173.

The Court of Appeals' analysis in *Swager* is a correct interpretation of K.S.A. 72-5412a, and prevents the treatment of the coaching duties in the present case as falling within the plaintiffs' primary contracts of employment. The significance of the court's interpretation is that supplemental contracts of employment under K.S.A. 72-5412a do not carry with them the due process protections accorded to a teacher by a primary contract of employment. Conversely, teachers may resign a supplemental contract without imperiling their primary contracts of employment. *Swager*, 9 Kan. App. 2d 648, Syl. ¶ 4. Similarly, a school board may not unilaterally nonrenew a primary teaching contract for refusal of a teacher to accept a supplemental contract of employment. *Swanson*, 11 Kan. App. 2d 171, Syl. ¶ 1. The holding of the Court of Appeals in the present case, which permits school boards to treat junior high school practice classes as falling within the primary contract of employment, ignores the mandatory provisions of K.S.A. 72-5412a and is inconsistent with its prior decisions in *Swager* and *Swanson*. While Kansas Administrative Regulations might permit junior high schools to

offer athletic practice sessions during the day, it is clear that Kansas statutory law requires persons coaching such sessions to be employed pursuant to a supplemental contract of employment.

The attempted distinction by the Court of Appeals in the instant case is not persuasive. At issue is not the propriety of a school board's scheduling of junior high school practice sessions during the school day, but whether the persons employed to coach such practice sessions must be employed under a supplemental contract of employment. Thus, the Court of Appeals opinion fails to address the controlling issue in the present case. While K.A.R. 91-31-14c(c)(4) (1987 Supp.) may permit junior high schools to schedule practice sessions during the school day, such regulations have no relevance in resolving the issue of the type of contract which governs the coaching of such practice sessions. No authority is cited, nor are we aware of any, that supports the Court of Appeals' finding that the mandate of a statute can be negated by an administrative regulation.

The essence of the decisions in both *Swager* and *Swanson* is that a school board, which is free to terminate a teacher's supplemental contract rights without due process, may not compel or coerce a teacher into accepting supplemental duties such as coaching. Permitting such duties as coaching to be covered by a primary contract of employment makes meaningless the policy concerns expressed in *Swager* and *Swanson*. The concern that a teacher must be free from coercion and intimidation in his or her decision to undertake supplementary duties such as coaching prevents such duties, even when conducted during the school day as authorized by the Kansas Administrative Regulations, from being treated as a part of the teacher's primary contract of employment.

Defendant makes several arguments in support of the district court decision. The Board first rather ingenuously contends that it took no affirmative action in the present case, but merely accepted the plaintiffs' voluntary resignations from their coaching duties. However, the Board did take affirmative action in treating the coaching duties as being subject to the plaintiffs' primary contracts of employment and in subsequently reducing the plaintiffs' benefits under their primary contracts by failing to

provide them with a full class load and reducing their pay by one-seventh. The Board's action in the present case illustrates the peril of permitting such activities to be governed by a teacher's primary contract of employment.

Defendant next attempts to distinguish the present case from the Court of Appeals decisions in *Swager* and *Swanson.* The defendant argues that these decisions did not involve a consideration of coaching activities which occurred "during the school day." The attempted distinction is unacceptable. There is nothing in K.S.A. 72-5412a, nor in *Swager* or *Swanson,* which differentiates among supplemental activities by the time of day. The mandatory language of K.S.A. 72-5412a provides that coaching duties must be governed by a supplemental contract of employment. It contains no exception for coaching activities which occur during the school day.

Defendant next attempts to interpret K.S.A. 72-5412a, arguing that the statute is not mandatory in nature. The defendant argues that supplemental contracts under the statute are those contracts which cover "employment duties other than those services covered in the principal or primary contract of employment." The Board argues that, because the junior high school practice sessions in the present case were under the plaintiffs' primary contracts of employment, they were not supplemental services because they were not "services other than those services covered in the principal or primary contract of employment." This selective quotation from K.S.A. 72-5412a is, of course, misleading. First, it makes K.S.A. 72-5412a a nullity, permitting school boards to place any activity they wish under a primary contract of employment, thereby evading the rules relating to supplemental contracts of employment. More importantly, of course, this view of K.S.A. 72-5412a completely ignores the mandatory language of the statute that supplemental contracts of employment "shall include . . . such services as coaching." Finally, the view expressed by the defendant has been expressly rejected by the Court of Appeals in *Swager,* which found the language of K.S.A. 72-5412a mandatory, holding that "coaching duties must always be performed pursuant to supplemental contracts." 9 Kan. App. 2d at 652.

The defendant next argues that K.S.A. 72-5412a does not cover

coaching activities which occur during the school day, arguing that only the coaching of extracurricular activities must be governed by a supplemental contract. The Board argues that the term "extracurricular activities" in K.S.A. 72-5412a modifies the term "coaching," and that, therefore, the coaching activities in the present case which occurred during the school day need not be covered by a supplemental contract. This interpretation of K.S.A. 72-5412a is inconsistent with Kansas law. A plain reading of the statute indicates that the term "extracurricular activities" modifies only the preceding terms "directing and assisting" and does not modify the term "coaching." This interpretation is supported by the rule of the last antecedent, which has been recognized repeatedly in this state.

" ' . . . In construing statutes, qualifying words, phrases and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding. The last antecedent, within the meaning of this rule, has been regarded as the last word [or clause] which can be made an antecedent without impairing the meaning of the sentence.' " *Ruthrauff, Administratrix v. Kensinger,* 214 Kan. 185, 190-91, 519 P.2d 661 (1974) (quoting *Barten v. Turkey Creek Watershed Joint District No. 32,* 200 Kan. 489, 504, 438 P.2d 732 [1968]).

See *Liberty Life Ins. Co. v. Guthrie,* 148 Kan. 907, 909, 84 P.2d 891 (1938). Under this rule of statutory construction, the modifying phrase "extracurricular activities" clearly modifies only the terms "directing and assisting" and does not modify the more remote term "coaching." Under the unambiguous wording of the statute, coaching activities, whether occurring before, during, or after the school day, must be governed by a supplemental contract.

The defendant next argues that many school districts with limited resources cannot afford to conduct both junior high school and high school practice sessions after the school day, and the junior high school practice sessions must be conducted during the school day. The Board argues: "If the junior high team cannot practice during the school day, they will not be allowed to practice at all, thus, eliminating the program." The resolution of the present issue has no bearing upon whether school districts conduct junior high school practice sessions during the school day. The present issue merely involves the determination of whether junior high school practice sessions

may be coached by employees under a primary contract of employment. The statutory law of Kansas clearly establishes that coaching activities must be conducted under a supplemental contract of employment. This argument should be directed to the legislature and not to this court. It is for the legislature to determine if a statute should be amended or repealed.

The final argument made by defendant is the alternative argument that, if the junior high practice sessions were supplemental in nature, then the plaintiffs never became tenured during their employment at the school district. The Board argues that, if the practice sessions were not within the plaintiffs' primary contracts of employment, they never accumulated a sufficient level of full-time employment at U.S.D. No. 307 to acquire tenure.

The Board cannot be permitted to reap the benefits resulting from its violation of K.S.A. 72-5412a. Although, under ordinary circumstances, the plaintiffs may not have completed a sufficient amount of full-time employment at U.S.D. No. 307 to acquire tenure, under the present case the interests of justice support a finding that the plaintiffs, who had been led to believe they had attained tenured status, should retain that status. In addition, K.S.A. 72-5445(b) provides an alternative to the normal means of acquiring tenure: "Any board may waive, at any time, the years of employment requirements of subsection (a) for any teachers employed by it." We find that, in the present case, the defendant has effectively waived the normal requirements of tenure and, pursuant to K.S.A. 72-5445(b), the plaintiffs had obtained tenured status.

We therefore conclude that the plaintiffs, as tenured teachers, were within their rights to resign their supplemental coaching duties without affecting their primary contract duties as junior high school teachers. The defendant, by not renewing the plaintiffs' primary contracts as full-time teachers, failed to meet the nonrenewal and due process requirements of K.S.A. 72-5438, and plaintiffs are entitled to be reinstated to their former full-time teaching status, with commensurate back pay commencing with the 1985-86 school year.

The decision of the Court of Appeals is reversed, the judgment of the district court is reversed, and the case is remanded with

directions to enter summary judgment in favor of the plaintiffs in accordance with this opinion.

McFARLAND, J., dissenting.