No. 60,180

James M. Bauer, *Appellant,* v. Board of Education, Unified School District No. 452, Johnson, Kansas, *Appellee.*

(765 P.2d 1129)

Opinion filed December 9, 1988.

*David M. Schauner,* of Topeka, argued the cause and was on the briefs for appellant.

*M. Moran Tomson,* of Johnson, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

Lockett, J.: Appellant James M. Bauer, a tenured teacher certified to teach social science, power mechanics, general shop, and metals, who had taught general shop and metals for seven years for U.S.D. 452, was nonrenewed by the Board of Education (Board) due to a reduction in force. A nontenured teacher was hired to teach social science and physical education. Bauer claimed that, because he was certified to teach social science, he

was improperly terminated by the Board. The district court affirmed the Board's decision and Bauer appealed. In an unpublished opinion filed March 24, 1988, the Court of Appeals affirmed the district court, determining that "certified" is not synonymous with "qualified." Therefore, although Bauer was certified, he had not shown that he was qualified to teach social science. We granted review and reverse.

From July 1, 1980, through September 30, 1985, Bauer was certified by the State Board of Education to teach social science, power mechanics, general shop, and metals. A subsequent certificate was issued by the State Board of Education, valid October 1, 1985, through September 3, 1991, for the same subjects. For seven years, Bauer taught auto mechanics and metal shop classes in U.S.D. 452 at Stanton County High School and a small engines class at the district's junior high school. Although certified to teach junior high social science, Bauer had never taught social science. His total teaching experience, as well as his work experience outside of teaching, was in the field of industrial arts.

Because the 1985 pre-enrollment forms indicated a decline in projected student enrollment in the auto mechanics class, the Board decided not to offer the class. Since Bauer's remaining classes could be taught by the district's other industrial arts teacher, who had more seniority than Bauer, the Board voted 7-0 not to renew Bauer's contract.

The minutes of the Board's meeting do not reflect any discussion of Bauer's contract. The resolution adopted by the Board merely stated that the reason for Bauer's termination was "reduction in force." At the same meeting, the Board also nonrenewed a junior high school teacher, who was certified to teach social science and physical education. Later, the Board hired an outside nontenured teacher, certified to teach social science and physical education, for the junior high position. Although Bauer was certified to teach social science, the Board never considered Bauer for the social science position.

After he was notified of the reduction in force nonrenewal action, Bauer requested a due process hearing pursuant to K.S.A. 72-5436 *et seq.* claiming that: (1) the pre-enrollment figures were not correct; (2) without the Board's approval, the administration had no authority to change the course of study; and (3) the Board did not follow its own policy regarding reduction in force situa-

tions when it terminated Bauer and hired a nontenured teacher to teach a subject that Bauer was certified to teach. This claim was based on the Board policy, titled "Reduction in Professional Staff Work Force," which states in part:

"1. Teachers not holding a regular Kansas certificate will be terminated first, provided there are teachers who are fully qualified and fully certificated to replace and perform all of the assigned duties of the terminated teachers.

"2. A second step in the reduction of staff, provided all teachers in the areas subject to reduction are fully qualified and fully certificated, would be to review teachers who have exhibited questionable performances as determined by the building principal.

"3. The reduction of staff should be by departments within the school system whenever possible. Should the need arise to reduce the staff in a specific field where all are extremely competent, it may be advisable to reduce the staff in a related field within the same department and transfer the competent instructor to the related field position to strengthen further the department's staff.

"4. If further reduction is still necessary, then teachers with the least number of years of continuous teaching experience in Unified School District 452 will be terminated first, provided there are fully qualified, fully certificated teachers to replace and perform all the needed duties of the terminated teachers."

A three-member hearing panel voted 2-1 to uphold the Board's decision. The dissenting member of the panel recognized that "[t]he burden of proof in these matters rests squarely with the Board (K.S.A. Supp. 1979, 72-5442) and the decision must be made based on substantial evidence (K.S.A. Supp. 1979, 72-5439 [f])", then agreed with all of Bauer's claims stating, in part, that hiring a new teacher to teach a subject in which Bauer was certified violated the school's reduction in force policy. Because the hearing panel decision was not unanimous, the Board was required to consider the opinion of the panel. K.S.A. 72-5443(c). After considering the panel's opinion, the Board voted unanimously to nonrenew Bauer.

Bauer appealed to the Stanton County District Court. After reviewing the evidence of the decrease in enrollment in Bauer's classes, the district court found that (1) there was substantial evidence presented by the Board at the due process hearing to nonrenew Bauer's contract, and (2) the Board had acted properly by nonrenewing the contract.

Bauer appealed. The Court of Appeals affirmed the district court, holding that under *Coats v. U.S.D. No. 353*, 233 Kan. 394, 662 P.2d 1279 (1983), certification by the State Board of Educa-

tion is not synonymous with qualification. The Court of Appeals believed that Bauer, in order to have priority over the nontenured teacher for the social science position, had the burden to show that he was both "certified" and "qualified" to teach social science. The Court of Appeals found that Bauer had merely shown that he was certified; therefore, his nonrenewal was proper. The Court of Appeals' reasoning placed the burden on Bauer to prove that he was qualified to teach social science, even though K.S.A. 72-5442 places the burden to prove Bauer was not qualified upon the Board. We granted review.

Tenure protections are set out in the Teacher Due Process Act, K.S.A. 72-5436 *et seq.* The purpose of the Tenure of Instructors Act (G.S. 1949, 72-5401 *et seq.,* repealed L. 1974, ch. 301, § 11) and its successor statute, the Teacher Due Process Act " 'is to protect competent and worthy instructors and other members of the teaching profession against unjust dismissal of any kind— political, religious or personal, and secure for them teaching conditions which will encourage their growth in the full practice of their profession, unharried by constant pressure and fear, but it does not confer special privileges or immunities upon them to retain permanently their positions or salary, nor permit their interference with the control or efficient operation of the public school system; and, notwithstanding it grants tenure to those who have taught the requisite period, it nonetheless empowers Boards of Education to discharge them for *just cause* in an orderly manner by the procedures specified.' " *Gillett v. U.S.D. No. 276,* 227 Kan. 71, 76, 605 P.2d 105 (1980), (quoting *Million v. Board of Education,* 181 Kan. 230, 310 P.2d 917 [1957]).

The statutory protections of the Act are conferred upon teachers who have successfully completed the required number of years of employment in a school district. See K.S.A. 72-5445. This statutory distinction demonstrates legislative intent to grant tenured teachers substantive rights in their continued employment that are not granted to nontenured teachers.

In order to terminate or nonrenew the employment contract of a tenured teacher, a board of education must follow the procedures set out in K.S.A. 72-5436 *et seq.* A tenured teacher may be terminated or nonrenewed only if good cause is shown. The board of education's decision to terminate or nonrenew a tenured teacher must be made in good faith and not be arbitrary,

irrational, unreasonable, or irrelevant to the school board's task of building up and maintaining an efficient school system. *Gillett v. U.S.D. No. 276*, 227 Kan. at 78.

In his petition for review, Bauer did not challenge the Board's determination of the necessity for a reduction in force in the industrial arts teaching staff. He claimed that, under the Teacher Due Process Act and *Coats v. U.S.D. No. 353*, 233 Kan. 394, the Board's method used to accomplish the reduction in force was arbitrary and capricious because (1) being certified to teach social science, he should have been considered a viable candidate for the junior high social science position, and (2) the Board improperly determined that the social science vacancy had to be filled by a teacher certified in social studies and physical education.

The Board counters that *Coats* requires a tenured teacher to be both certified *and* qualified for a position before being given preference over a nontenured teacher. Therefore, the Board contends, even though Bauer was certified to teach social science, since he had no experience teaching social science, he was not "qualified" for the position and his nonrenewal should be affirmed.

The Court of Appeals, in interpreting our decision in *Coats v. U.S.D. No. 353*, stated:

"*Coats* communicates the messages that, in cases such as the one before us, preference is to be afforded to teachers who are tenured, certified, *and* qualified; that 'qualified' is not the equivalent of 'certified'; and that 'qualified' is something other and more than 'certified.' This is contrary to Bauer's argument that 'certified' and 'qualified' are equivalent.

"In view of the fact that Bauer has not been shown to be other and more than 'certified' to teach social studies, we find ourselves compelled by *Coats* to conclude that on appeal it has not been established that the decision of the district court was erroneous as a matter of law."

In *Coats*, we considered the statutory protections of a tenured teacher when there is a reduction in force by a board of education. Coats, a tenured teacher in the Language Arts Department at Wellington Senior High School, was certified by the State Department of Education to teach composition, grammar, and literature in both senior and junior high schools. Coats taught a variety of English courses and served as chair of the Language Arts Department. Due to an enrollment decline in the senior high school, the school administration decided to reduce force in

the language arts department. Because Coats had the least seniority of the four senior high English teachers not teaching specialized areas of language arts, her contract was not renewed. Junior high English teachers were not considered for nonrenewal to reduce the force because the school board considered the high school teachers, though certified, unqualified to teach in junior high.

After reviewing case law from other jurisdictions involving nonrenewal of tenured teachers in reduction in force situations, we held that, under Kansas statutes in such cases, school boards should first conduct a good faith examination of the competence, interest, and training of all teachers in the area where the reduction of staff is to occur. Where there are tenured and nontenured teachers in the department and all are qualified, the nontenured teachers should be the first terminated. 233 Kan. at 401-02.

Since Coats was clearly certified *and* qualified, left unanswered was whether, in all reduction in force nonrenewal cases, certification by the State Board of Education in a subject which the tenured teacher is not currently contracted to teach entitles that tenured teacher to preference over a nontenured teacher in that subject. The Court of Appeals interpreted our language in *Coats* to hold that, in reduction-in-force nonrenewal cases, preference is to be afforded teachers who are certified and qualified, and that "qualified" is something other and more than certified.

What the Court of Appeals failed to recognize is that, prior to nonrenewing Bauer's contract, the Board had made no determination regarding Bauer's qualifications to teach the social science courses. When a board of education seeks to nonrenew a tenured teacher's contract in a reduction in force situation, it must examine the teacher's competence, interest, and training on the record. The due process act protects tenured teachers from dismissal without good cause. *Coats*, 233 Kan. at 401-02. Good cause must be supported by substantial evidence and the burden of proof is on the Board. K.S.A. 72-5442; *Schmidt v. U.S.D. No. 497*, 231 Kan. 267, 269, 644 P.2d 396 (1982). Absent good cause, shown on the record, a tenured teacher will be given preference in filling vacancies. *Coats*, 233 Kan. at 402.

In addition, the Court of Appeals did not consider the broad authority granted to the State Board of Education by the Kansas

Constitution and statutes. Kan. Const. art. 6, § 2 provides the State Board of Education with broad supervisory authority over the public school system and local boards of education, specifically:

"The legislature shall provide for a state board of education which shall have general supervision of public schools, educational institutions and all the educational interests of the state . . . ."

K.S.A 72-1394(a) and (b) provide in part:

"(a) The state board of education shall prescribe an examination designed to insure that *certification* of a person as a teacher is a reliable indicator that the person has the basic knowledge and *qualifications* necessary to engage in the profession of teaching in this state.

"(b) In order to comply with the requirements of subsection (a), the state board of education shall select an examination which will measure the basic knowledge and *qualifications* of applicants for certification as teachers and shall provide for administration and validation of the examination."

Further, K.S.A. 72-1388 provides that the State Board of Education has the sole authority to set standards for the issuance of certificates to teach in the State of Kansas:

"(a) The state board of education, in accordance with law, is authorized to adopt rules and regulations providing for the issuance, renewal, reinstatement and registration of certificates for teachers and other personnel in the state department of education and in schools and institutions under the general supervision of the state board of education.

"(b) In addition to other requirements . . . ,the rules and regulations of the state board of education shall include after May 1, 1986, the requirement that applicants for initial issuance of certificates to teach shall take and satisfactorily pass an examination prescribed by the state board."

Similar legislative intent is found in K.S.A. 72-1381, which provides that the State Board of Education, upon being satisfied as to the general qualifications of an applicant, may issue a special certificate specifying the subjects that the holder of the certificate is authorized to teach.

Our constitution and the legislative enactments support Bauer's contention that the grant of a certificate from the State Board of Education inherently carries with it a presumption of competence, interest, and training in the subjects designated. The certificate indicates that the teacher has completed a prescribed course of study and successfully passed an examination designed to determine the teacher's fitness and qualifications to teach in the particular area. Every teacher is entitled to rely on his or her certificate as substantive proof of the teacher's qualifications to teach the subjects endorsed.

The State Board of Education is statutorily the only agency authorized to set standards for teacher certification. Certification by the State Board of Education, rather than subjective qualifications set up by each local school board, determines that a teacher is qualified to teach the subjects endorsed on the teaching certificate. When a teacher is "certified," a rebuttable presumption exists that the teacher is "qualified." It then becomes the burden of the school board to establish the nonexistence of the presumption by substantial evidence.

The Board further argues that *Coats* should not apply where the vacant position is in a different "department" than the one in which the reduction in force occurs. In oral argument, the Board stated that teachers are only tenured in the departments in which they were contractually hired to teach. The Board cited no authority for this proposition and there appears to be none. State law does not recognize or require schools to divide into departments; schools may determine whether or not to have departments.

Further, the Board's argument ignores the fact that teachers can become certified in more than one subject in order to protect themselves from loss of employment and to increase their marketability. There is substantial authority for the proposition that, having completed the certification process, the teacher is entitled to consideration for all positions for which he or she is certified. In *Massey v. Argenbright*, 211 Mont. 331, 683 P.2d 1332 (1984), the Supreme Court of Montana held that the appellant, a business education teacher also certified in physical education, should not have been terminated due to a reduction in force in the business education department, but instead should have been hired in place of nontenured teachers in the physical education department. 211 Mont. at 337. See *Berland v. Special Sch. Dist. No. 1*, 314 N.W.2d 809 (Minn. 1981).

The Board cites a number of cases which state that a school board must have some discretion to shape the curriculum and define teaching positions. We agree with this proposition. However, none of the cited cases raised the issue of the nonrenewal of a tenured teacher and the subsequent hiring of an outside nontenured teacher to teach subjects for which the tenured teacher was certified to teach.

As we held in *Coats*, we reject the argument that the school board has absolute discretion to nonrenew whomever it wishes in reduction in force situations. In each case, the statutorily mandated due process protections for tenured teachers require the school board to conduct a good faith examination of the competence, interest, and training of all teachers in the area where the reduction in staff is to occur. Where there is a need for a reduction in force, before a tenured teacher can be nonrenewed, the Board must conduct a good faith examination into all areas in which the tenured teacher is certified. Where there are vacancies in areas in which the tenured teacher is certified, absent good cause, the tenured teacher should be placed in that position. This procedure ensures a fair and equitable decision for the teacher, while allowing school boards the discretion to shape a quality education program for their students.

It appears from the record that the Board was totally unaware that Bauer was certified to teach social science until it considered the findings of the due process panel. Ignoring Bauer's dual certification and the panel's findings, the Board failed to consider him for any full- or part-time positions for which he was certified. In addition, the Court of Appeals did not recognize that the Board neither considered Bauer's social science certification when his contract was nonrenewed nor determined that Bauer was not qualified to teach social science when it considered the due process panel's findings. Bauer was nonrenewed without good cause.

The Board argues that Bauer was not qualified for the vacant position because he was not certified for both social science and physical education. Bauer contends that the social science position did not include physical education classes. He argues neither of the two junior high social science teachers taught any physical education classes, although they apparently undertook some coaching duties. The only evidence in the record supporting the Board's argument is one statement by the school superintendent that the replacement "needed" to be someone certified to teach physical education. The record is devoid of any evidence to support the Board's assertion that the social science position included physical education teaching. The only connection to physical education was a need for someone to assume coaching duties.

By statute, duties such as coaching are considered supplemental and not part of a teacher's primary contract of employment. K.S.A. 72-5413(o). K.S.A. 72-5412a provides:

"The board of education of any school district may enter into a supplemental contract of employment with any employee of the district. As used in this section 'supplemental contract' means a contract for services other than those services covered in the principal or primary contract of employment of such employee, and shall include but not be limited to such services as coaching, supervising, directing and assisting extra curricular activities, chaperoning, ticket taking, lunch room supervision and other similar and related activities. The provisions of article 54 of chapter 72 of Kansas Statutes Annotated which relate to the continuation of teacher contracts and to the due process procedure upon termination or nonrenewal of a teacher's contract do not apply to any supplemental contract of employment entered into under this section."

In *Hachiya v. U.S.D. No. 307*, 242 Kan. 572, 750 P.2d 383 (1988), we held that the provisions of K.S.A. 72-5412a are mandatory and require that the duties enumerated, as well as similar and related activities, are to be performed under a supplemental contract. The statute prohibits a school district from requiring supplemental duties, such as coaching, as part of a teacher's primary contract. Therefore, a teacher is not required to accept such supplemental duties as part of his or her primary contract of employment. 242 Kan. 572, Syl. ¶ 1. See *U.S.D. No. 241 v. Swanson*, 11 Kan. App. 2d 171, 717 P.2d 526 (1986); *Swager v. Board of Education*, U.S.D. No. 412, 9 Kan. App. 2d 648, 688 P.2d 270, *rev. denied*, 236 Kan. 877 (1984).

Underlying our decision in *Hachiya* is the concern that including duties such as coaching in a teacher's primary contract of employment would interfere with the teacher's right to be free from coercion or intimidation in his or her decision to accept such supplementary duties. 242 Kan. at 578. This same concern applies in this case and leads us to conclude that the Board's requirement of coaching duties for the social science position was an impermissible joining of primary and supplemental contracts.

The judgments of the Court of Appeals and the district court are reversed. The case is remanded with an order to reinstate James M. Bauer and to determine the amount of back pay owed. The back pay is to be determined by the salary to which Bauer would have been entitled had he taught the social science classes taught by the nontenured teacher hired by the Board.

SIX, J., not participating.