(107 P.3d 1234)
No. 91,310

U.S.D. No. 215, *Appellee*, v. PEGGY MCGLYNN, TOM BACHMAN, KAREN BURDEN, JAN SCHIFFELBEIN, and DAN WOELLHOF, *Appellants*.

Opinion filed October 1, 2004.

*David M. Schauner* and *Marjorie A. Blaufuss*, of Kansas National Education Association, of Topeka, for appellants.

*Allen G. Glendenning*, of Watkins, Calcara, Rondeau, Friedeman, Bleeker, Glendenning & McVay, Chtd., of Great Bend, for appellee.

*John M. Rasmussen*, of Kansas Association of School Boards, of Topeka, for *amicus curiae* Kansas Association of School Boards.

Before RULON, C.J., ELLIOTT and HILL, JJ.

ELLIOTT, J.: Peggy McGlynn, Tom Bachman, Karen Burden, Jan Schiffelbein, and Dan Woellhof (Teachers) appeal the trial court's decision holding the extended days in the individual contracts were supplemental and not subject to due process procedures under K.S.A. 72-5436 *et seq.*, the Due Process Procedure Act.

We affirm.

The facts are not disputed. The Teachers are tenured professionals employed by U.S.D. No. 215 in Lakin (the School). The

Lakin Teachers' Association (LTA) represented the Teachers for negotiations. The LTA negotiated a base contract for a school year containing no more than 186 days. The School and the LTA also recognized a need for extended day contracts, which the School could assign to individual employees. The salary for the extended day contracts was fixed by a negotiated formula.

The Teachers were each given various extended day contract assignments. In January 2002, the School notified LTA it intended to possibly reduce or eliminate the extended day contracts due to financial concerns. Eventually, the School offered to renew the base contracts with reduced or no extended days.

Originally, the Teachers were told they were entitled to a hearing. Later, the Teachers and the School agreed to continue the hearing pending a court order on whether the Teachers were entitled to a hearing. The trial court heard the case on stipulated facts and concluded that any agreements to extend the Teachers' work beyond 186 days would be supplemental contracts not subject to due process.

The Teachers argue their extended day contracts warrant the same due process considerations under K.S.A. 72-5436 *et seq.* as their primary or base contracts. We disagree.

Our review is unlimited. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003) (statutory construction); *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 763, 27 P.3d 1 (2001) (written instruments).

When the legislature passed K.S.A. 72-5410 *et seq.* (Teachers' Continuing Contract Law), it recognized and solidified that tenured teachers have a property interest in continued employment. See *Baldwin v. U.S.D. No. 418*, 23 Kan. App. 2d 280, 285, 930 P.2d 18, *rev. denied* 260 Kan. 991 (1996). When this property interest is impaired, K.S.A. 72-5436 *et seq.* lays out due process guidelines a school board must follow. See generally *In re Due Process Hearing of McReynolds*, 273 Kan. 514, 519-20, 44 P.3d 391 (2002).

These due process provisions, however, do not apply to supplemental contracts entered into under K.S.A. 72-5412a. See K.S.A. 72-5437(a). The procedures only apply when a primary or base

contract is terminated or nonrenewed. See *Baldwin*, 23 Kan. App. 2d at 283.

Although the Due Process Procedure Act protects a teacher from being dropped from full-time employment to part-time status without the proper procedures, *McReynolds*, 273 Kan. at 521-23, it does not guarantee a teacher a certain salary or position. See *Baldwin*, 23 Kan. App. 2d at 282-85. Any assignment above and beyond the normal teaching duties as defined in the base contract are considered supplemental duties and cannot be turned into part of the primary or base contract even through negotiations. *Hachiya v. U.S.D. No. 307*, 242 Kan. 572, 577, 750 P.2d 383 (1988); see *Butler v. U.S.D. No. 440*, 244 Kan. 458, 469, 769 P.2d 651 (1989).

These supplemental duties range from coaching, specifically listed in K.S.A. 72-5412a, to extended days related to primary teaching duties. See *Baldwin*, 23 Kan. App. 2d at 281, 285. Further, the Supreme Court has stated in the normal school setting, summer school is distinct or separate from regular teaching duties. *NEA-Topeka, Inc. v. U.S.D. No. 501*, 225 Kan. 445, 454, 592 P.2d 93 (1979). By inference, this would mean only the primary or base teaching contract is protected by the Due Process Procedure Act.

Additionally, even if a single instrument memorializes the primary or base teaching contract *and* the supplemental duties, this does not make the supplemental duties part of the primary or base contract. *Swager v. Board of Education, U.S.D. No. 412*, 9 Kan. App. 2d 648, 654-56, 688 P.2d 270, *rev. denied* 236 Kan. 877 (1984). Even when all duties are included in a single instrument, the supplemental duties can still be unilaterally terminated by either party without notice. 9 Kan. App. 2d at 656.

In summary, the Due Process Procedure Act covers only the Teachers' full-time tenured positions. It does not require the same due process considerations for the extended day supplemental contracts. And this is true even though the supplemental duties were listed in the same instruments.

Simply put, the extended day contracts the Teachers were given previously went beyond their basic or regular requirements. This is evident by the fact these duties increased the Teachers' pay above that negotiated in the primary or base contract.

Here, the School gave the Teachers adequate notice of the intent and the actual termination of the extended day supplemental contracts. The School also gave the Teachers an opportunity to justify the additional days. Budget restraints made it impracticable to continue the extended day supplemental contracts. A hearing under the Due Process Procedure Act was not required.

Affirmed.