No. 26,723.

THE TOPEKA STATE BANK, *Appellant*, v. T. F. WATERS, *Appellee*.

### SYLLABUS BY THE COURT.

1. JUDGMENTS—*Res Judicata—Matters in Issue but Not Decided.* The rule that a judgment in bar, or as evidence in estoppel, is binding, not only as to every question actually presented and considered and as to which the court rested its decision, but also to every question which might have been presented and decided, does not apply to a different cause of action between the same parties except as to questions shown to have been actually decided in the former action. (Following *Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825.)

2. SAME—*Res Judicata—Liability on Note Not Decided in Foreclosure Action.* The plaintiff bank and the defendant were codefendants in a foreclosure action, the bank holding a promissory note secured by second mortgage which had been executed to the defendant as payee. No issue was raised between the bank and the defendant in the foreclosure action. *Held,* the proceedings in that action did not preclude the bank from afterwards seeking to

---

Judgments, 34 C. J. pp. 931 n. 21, 932 n. 29; 15 R. C. L. 973.

recover from the defendant who was payee and indorser on the note in question.

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed May 8, 1926. Reversed.

*E. R. Sloan,* of Holton, and *S. L. Lashbrook,* of Topeka, for the appellant.
*E. D. Woodburn,* of Holton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to recover on a promissory note. The defense was that plaintiff was estopped by reason of a previous action, which made the issue *res judicata.* Defendant prevailed, and the plaintiff appeals.

The note in controversy was executed by one William T. Squires to the defendant as payee, who indorsed it to the plaintiff bank. It was secured by a second mortgage on land in Jackson county. Action was commenced to foreclose the first mortgage. The bank was made a defendant in that action, filed an answer and cross petition, and foreclosed its second mortgage. The defendant was a party (defendant) in the foreclosure action. The bank sought no personal judgment in the foreclosure action against defendant, but attempted to recover from Squires and through its second lien on the mortgaged property. The property was sold at sheriff's sale for approximately the amount of the first mortgage. The bank (plaintiff) later brought the present action to recover from the defendant, payee and indorser of the note. The defendant set up the proceedings in the foreclosure action as a bar to recovery here, contending that the bank had assumed a position inconsistent with that now assumed, and that it is estopped by reason of the fact that the issue is *res judicata.* The defendant's position is not tenable. The statute provides that:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of plaintiff." (R. S. 60-414.)

The bank in the former action exercised its option to sue the maker of the note only, who was a codefendant. This it could do without seeking judgment against the payee and indorser of the note, and without precluding itself of the right to sue the payee and indorser in a separate action. (*Hendrix v. Fuller,* 7 Kan. 331; *Whittenhall v. Korber,* 12 Kan. 618; *Kirkpatrick v. Gray,* 43 Kan. 434, 23 Pac. 633;

*Ayres v. Deering,* 76 Kan. 149, 90 Pac. 794; *Bank v. Myrick,* 108 Kan. 191, 194 Pac. 648; *Nuzman v. Bennett,* 115 Kan. 766, 224 Pac. 900.)

The defendant was a party (defendant) in the foreclosure action because he had executed the first mortgage. No judgment was sought against him by the bank in that action. No issue was there litigated between the parties to the present action. The issues between them now raised are therefore not *res judicata.* (*Stroup v. Pepper,* 69 Kan. 241, 76 Pac. 825; *Cromwell v. County of Sac,* 94 U. S. 351; *Myers v. International Co.,* 263 U. S. 64; *United States v. Moser,* 266 U. S. 236.)

The judgment is reversed, and the cause is remanded with instructions to render judgment for the plaintiff.