No. 49,716

MARION L. WELLS, *Appellant,* v. A. V. DAVIS and PAULINE DAVIS, and DAVIS VAN AND STORAGE, INC., A Kansas Corporation, *Appellee.*

(603 P.2d 180)

Opinion filed December 1, 1979.

*Michael E. Whitsitt,* of Overland Park, was on the brief for the appellant.

*Kim Daniel Richey,* of Prairie Village, was on the brief for the appellees.

The opinion of the court was delivered by

HERD, J.: This is an action by plaintiff-appellant Marion L. Wells, against defendants-appellees A. V. Davis and Pauline Davis and Davis Van and Storage, Inc. Wells obtained a judgment against Davis Van Lines, Inc. in a prior action and now seeks to have that judgment satisfied in this suit. Defendants-appellees filed a motion to dismiss the action and that motion was sustained by the trial court. Wells appeals. We reverse the trial court.

It is essential to an understanding of the instant case that the parties and issues in the first action be reviewed. To that end, we present the facts in Case No. 65,735 in the District Court of Johnson County, Kansas. On July 16, 1976, Wells sued Davis Van Lines, Inc. and A. V. Davis for wages he had earned as a truck driver for Davis Van Lines, Inc. The petition in that case alleged four grounds for recovery, but only the first two were litigated:

against Davis Van Lines, Inc. for failure to pay wages under a contract of employment, invoking penalties under K.S.A. 44-315(a) and (b); against A. V. Davis personally, for failure to pay wages under a contract of employment, invoking penalties under K.S.A. 44-315(a) and (b); against A. V. Davis, alleging Davis Van Lines, Inc. was the alter ego of Davis, its principal stockholder; and against both A. V. Davis and Davis Van Lines, Inc., alleging fraud for issuing checks which were returned marked insufficient funds. Wells recovered a judgment in the amount of $28,229.53 against Davis Van Lines, Inc. based upon the first allegation against the company. A. V. Davis was personally absolved of liability. No appeal was taken.

Thereafter, Wells attempted to satisfy his judgment but was unsuccessful due to the insolvency of Davis Van Lines, Inc. While attempting to collect from Davis Van Lines, Inc., Wells discovered Davis and his wife also owned Davis Van and Storage, Inc., which was solvent. On January 3, 1977, Wells brought the instant action against A. V. and Pauline Davis, later amended to include Davis Van and Storage, Inc., alleging its assets and that of Davis Van Lines, Inc. were commingled and that both were the alter egos of A. V. and Pauline Davis. The amended petition also alleged A. V. and Pauline Davis were liquidating the assets of both companies and that they personally depleted the assets of Davis Van Lines, Inc. and put those assets in Davis Van and Storage, Inc. to avoid the creditors of Davis Van Lines, Inc. Wells then made the following allegation:

"That plaintiff obtained a judgment against Davis Van Lines, Inc. on the 15th day of November, 1976, in the amount of $28,229.53 in Case No. 65735 in Division 6 of the District Court of Johnson County, Kansas; and that execution has issued on that judgment but has been returned unsatisfied, and that unless judgment is entered against A. V. Davis, Pauline Davis, and Davis Van and Storage, Inc., upon this First Amended Petition of plaintiff, plaintiff will have no reasonable expectation of any complete recovery upon his judgment."

Defendants moved to dismiss the action on the theories of res judicata and collateral estoppel. The motion was sustained and this appeal followed.

K.S.A. 17-7101(b) is determinative of the allegation against A. V. and Pauline Davis. The statute provides:

"No suit shall be brought against any officer, director or stockholder for any debt of a corporation of which he is an officer, director or stockholder, until judgment be obtained therefor against the corporation and execution thereon returned unsatisfied."

Appellant obtained a judgment against Davis Van Lines, Inc. on November 15, 1976; execution was issued and returned unsatisfied. A. V. Davis and Pauline Davis are both stockholders and directors of Davis Van Lines, Inc. Wells obviously has a cause of action against both A. V. and Pauline Davis under the statute unless his premature joinder of A. V. Davis in the first suit would preclude further action against him. We do not believe the premature joinder of Davis affects plaintiff's rights because the allegations against Davis were not adjudicated. No reason was given by the trial court for the failure to adjudicate that issue. We hold res judicata and collateral estoppel are not bars to this action against A. V. Davis and Pauline Davis pursuant to the provisions of K.S.A. 17-7101(*b*).

With regard to Davis Van and Storage Co., Inc., Wells alleges A. V. Davis and Pauline Davis are the directors, principal stockholders and alter egos of that corporation. He further alleges:

"5. That as of August, 1976, and thereafter, the corporate office of Davis Van Lines, Inc. has been 6307 Robinhood Lane, the address and residence of each of the individual defendants and the corporate address of Davis Van and Storage, Inc. has been the same.

"6. That in all manners and respects, Davis Van Lines, Inc., and Davis Van and Storage, Inc., are and were no more than a shell or a sham and a vehicle by which A. V. Davis and Pauline Davis have done business. That the monies of both Davis Van Lines, Inc., and Davis Van and Storage, Inc., are and have been commingled with monies of A. V. and Pauline Davis and utilized by A. V. and Pauline Davis for their own personal benefit. That certain stock in United Van Lines which purportedly is owned or was owned by Davis Van and Storage, Inc., was shown as an asset on the ledgers of Davis Van Lines, Inc., on the first day of February, 1977, when the attorney for the judgment creditor examined the books and records of Davis Van Lines, Inc., in the presence of A. V. Davis and James G. O'Sullivan, the attorney for Davis Van Lines, Inc.

"7. That each company, Davis Van Lines, Inc., and Davis Van and Storage, Inc., at all times material hereto was the alter-ego of A. V. Davis and Pauline Davis, and that any and all steps prerequisite to a lawsuit against said individual defendants pursuant to K.S.A. 171701 [*sic*] have been taken by the plaintiff.

"8. That A. V. and Pauline Davis are currently attempting to liquidate the assets of Davis Van Lines, Inc., and Davis Van and Storage, Inc., and that the business entity, Davis Van and Storage, Inc., has been used and shall be used as a vehicle by which A. V. Davis and Pauline Davis may conceal assets of Davis Van Lines, Inc. and themselves, personally.

"9. That A. V. and Pauline Davis personally depleted the assets of Davis Van Lines, Inc., to the extent that the business of Davis Van Lines, Inc., with a net worth of nearly $400,000 on December 31, 1975, became worthless in August of 1976, according to their own financial statements.

"10. That, though Davis Van and Storage, Inc. is shown as being in good standing by the office of the Secretary of State of the State of Kansas as of February 14, 1977, A. V. Davis, by his own testimony, alleged that Davis Van and Storage ceased to operate in November of 1976, but that said Davis Van and Storage continues to be the depository for certain assets of A. V. Davis and Pauline Davis as a part of a scheme by A. V. Davis and Pauline Davis to avoid the just and lawful creditors of Davis Van Lines, Inc., and of A. V. Davis and Pauline Davis."

In *Hutchinson Nat'l Bank & Trust Co. v. English,* 209 Kan. 127, 130, 495 P.2d 1011 (1972), we stated:

"The salutary rule of *res judicata* forbids a suitor to twice litigate a claim for relief against the same party. The rule is binding, not only as to every question actually presented, considered and decided but also to every question which might have been presented and decided. *(Topeka State Bank v. Waters,* 121 Kan. 126, Syl. ¶ 1, 245 Pac. 1028; *Smith v. Russ,* 184 Kan. 773, 776, 339 P.2d 286; *Wells, Administrator v. Ross,* 204 Kan. 676, 465 P.2d 966.) In Kansas the rule of *res judicata* is not binding and does not apply to a different claim for relief even though it may be between the same parties. (*Tidewater Oil Company v. Jackson,* 320 F.2d 157; *Topeka State Bank v. Waters,* supra; *Smith v. Russ,* supra.) However, when a different claim for relief is filed between the same parties a collateral estoppel may be invoked as to questions and issues shown to have been actually decided in the prior action. (*Green v. Kensinger,* 193 Kan. 33, 39, 392 P.2d 122; *Burnison v. Fry,* 199 Kan. 277, 428 P.2d 809.)"

One of the requirements for invoking res judicata or collateral estoppel is the existence of parties who are the same or in privity with one another. *Williams v. Evans,* 220 Kan. 394, 396, 552 P.2d 876 (1976). Davis Van and Storage was not a party to the first action and is not in privity with the parties to the first action. The existence of privity depends upon the circumstances of each case. A privy is:

"[O]ne who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Bernhard v. Bank of America,* 19 Cal. 2d 807, 811, 122 P.2d 892 (1942).

See also *Goetz v. Board of Trustees,* 203 Kan. 340, 454 P.2d 481 (1969). Davis Van and Storage, Inc. derived no interest from Davis Van Lines which could cause it to be in privity with Davis Van Lines. The use of collateral estoppel also requires the issue brought against the parties in the second suit must have been adjudicated in the first action even though the claim is different. *Williams v. Evans,* 220 Kan. at 396. Res judicata requires, in addition to identity of the parties, that the claim or cause be

identical. *Goetz v. Board of Trustees,* 203 Kan. at 349. Neither plaintiff's allegation of alter ego nor the party Davis Van and Storage, Inc. was a part of the first action. Therefore, neither res judicata nor collateral estoppel is available as a defense to an action against Davis Van and Storage, Co., Inc.

The trial court held although Davis Van and Storage, Inc. was not a party to the first action, plaintiff's second suit against the company was barred by res judicata and collateral estoppel because the "plaintiff could have and should have litigated a theory of alter ego or piercing the corporate veil" against Davis Van and Storage, Inc. in the first action. The transcript indicates the trial court believed Davis Van and Storage, Inc. should have been named as a party to the first action. K.S.A. 60-219(*a*) states:

"Whenever a 'contingently necessary' person, as hereafter defined, is subject to service of process, he shall be joined as a party in the action. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

"A person is contingently necessary if (1) complete relief cannot be accorded in his absence among those already parties, or (2) he claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action in his absence may (*i*) as a practical matter substantially impair or impede his ability to protect that interest or (*ii*) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Davis Van and Storage, Inc. was not a contingently necessary party to the first action. Marion Wells first sued Davis Van Lines, Inc. as an employee of that company. The suit was for failure to pay wages he had earned as a truck driver for the company. There is no reason complete relief could not have been accorded Wells from a suit against Davis Van Lines, Inc. He had no prior knowledge of the company's insolvency. Wells was not an employee of Davis Van and Storage, Inc. That company would not have been a proper party to the wage suit.

We hold appellant correctly proceeded against A. V. Davis, Pauline Davis, and Davis Van and Storage, Inc. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

MILLER and HOLMES, JJ., dissenting.