(719 P.2d 752)

No. 57,832

JOYCE ANN JOHNSON and KELLY ANN JOHNSON, *Appellants,*
v. LYLE P. BAKER, *Appellee.*

Opinion filed May 29, 1986.

C. Robert Bell, of C. Robert Bell, P.A., of Wichita, for the appellants.

Vince P. Wheeler and Darrell D. Kellogg, of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, for the appellee.

Before PARKS, P.J., RICHARD A. MEDLEY, District Judge, assigned, and ROBERT L. BISHOP, District Judge, assigned.

MEDLEY, J.: This is a legal malpractice case. Plaintiffs sought the recovery of damages for both a breach of contract and negligence. They appeal the amount of the damages awarded on the negligence claim and the denial of any recovery for breach of contract.

On February 13, 1981, Joyce Johnson retained the defendant, Lyle Baker, a practicing attorney in Wichita, to represent her in a divorce from her husband, Richard Lee Johnson. Joyce Johnson's primary concern was that defendant secure an agreement from her husband to pay the expenses and cost of college for the parties' daughter, plaintiff Kelly Ann Johnson. Defendant negotiated a property settlement agreement between the Johnsons and incorporated it into the decree of divorce and the journal entry of judgment. Defendant made no attempt, nor did he advise Joyce Johnson to attempt, to secure the signature of Richard Johnson on the journal entry. Baker also did not attempt to reduce the parties' agreement to writing in any instrument other than the journal entry of judgment. He stated that he did not think it was necessary for the parties to sign the journal entry

and decree of divorce, although he admitted he was familiar with the provisions of K.S.A. 1980 Supp. 60-1610a (repealed L. 1982, ch. 152, § 30) with respect to agreements for support of children who have reached the age of majority.

Thereafter, defendant Baker learned that Richard Johnson refused to pay college expenses for his daughter. Baker informed Mrs. Johnson that she should retain another lawyer to represent her in enforcing the provisions of the journal entry because he would undoubtedly be needed as a witness on her behalf in any court hearing. Plaintiff Joyce Johnson hired attorney Keith Richey to represent her and Richey filed a motion to compel Mr. Johnson to perform the obligation stated in the journal entry. Judge Beasley of the Sedgwick County District Court denied the motion concluding that the court lacked jurisdiction to enforce the provision in question because there was no prior written agreement pursuant to K.S.A. 1980 Supp. 60-1610a. Mrs. Johnson did not appeal from this ruling although she was aware that she had the right to do so.

In February 1983, the plaintiffs filed this action against Baker for breach of contract and negligent failure to obtain an enforceable agreement against Richard Johnson for Kelly's college expenses. The district court denied any relief on the breach of contract claim holding that the journal entry in the divorce was a prior written agreement under K.S.A. 1980 Supp. 60-1610a and was legally binding on Richard Johnson. Thus, the court concluded that defendant had performed the contractual duty which he owed plaintiff Joyce Johnson. However, the court held that defendant was liable for negligence because his failure to obtain a separate signed agreement did not meet the standard of care normally exercised in the community and resulted in the unfavorable ruling by Judge Beasley.

The trial court assessed Joyce Johnson's damages at $559.40 and fixed Kelly's damages as equivalent to the cost of tuition ($5,380) plus room and board ($3,600) for the two years she has attended college, reduced by the $6,042 received in grants and scholarships, for a net recovery of $2,938. Plaintiffs appeal the amount of damages awarded and the denial of the contract claim.

Plaintiffs initially contend that the defendant should have been collaterally estopped from claiming performance of the contractual obligation to obtain an enforceable agreement with

Richard Johnson because Judge Beasley had already ruled that the agreement was unenforceable. Plaintiffs argue that the trial court erred in permitting a collateral attack on the earlier judgment. However, collateral estoppel only bars relitigation of an issue when the parties to the subsequent action are the same or in privity therein. *Wells v. Davis*, 226 Kan. 586, 589, 603 P.2d 180 (1979). Defendant was not a party to the prior case, nor was he in privity with either party in the proceeding brought to enforce the divorce decree. Collateral estoppel was not applicable.

K.S.A. 1980 Supp. 60-1610a states in part as follows:

"Any order requiring either parent . . . to pay for the support of any child . . . shall terminate when such child attains the age of eighteen (18) years, unless by prior written agreement approved by the court such parent . . . specifically agreed to pay such support beyond the time such child attains the age of eighteen (18)."

The findings of fact entered by the trial court indicate that defendant negotiated with Richard Johnson concerning the controversial demand that he pay Kelly's college expenses. Mr. Johnson reviewed a copy of the journal entry containing the proposed agreement at defendant's office and, after minor modifications, agreed fully to its terms. This agreement, as manifested in the journal entry, was subsequently approved by the court granting the Johnson divorce. Although Richard Johnson never signed a written instrument reflecting the agreement, the evidence indicates, and the court held, that he agreed to the provision in question and that the journal entry was a written memorandum of that agreement. We agree with the district court's holding that no greater documentation is required by K.S.A. 1980 Supp. 60-1610a. Therefore, since the journal entry of divorce constituted an enforceable agreement under the statute, the court's conclusion that there was no breach of contract as a matter of law is correct.

Plaintiffs contend that the trial court erred in calculating the damages of Kelly Johnson because it failed to award damages equivalent to the cost of tuition, room and board for her remaining two years of education. Defendant contends that the evidence of future damage was too speculative to justify a greater award.

Damages cannot be awarded when they are too conjectural and speculative to form a sound basis for measurement. *Hoard v. Shawnee Mission Medical Center*, 233 Kan. 267, 277, 662 P.2d

1214 (1983). It has also been held, however, that absolute certainty is not required in establishing damages. See, *e.g., Iseman v. Kansas Gas & Electric Co.*, 222 Kan. 644, 650-51, 567 P.2d 856 (1977); *Vickers v. Wichita State University*, 213 Kan. 614, 618-21, 518 P.2d 512 (1974).

From the record we have before us, it is clear that Kelly Johnson had enrolled at Kansas Newman College for at least twelve hours a semester during her first two years and had made passing grades. All contingencies of the parties' agreement were met during the first two years of Kelly's college education and it does not appear to us to be too speculative or uncertain to conclude that those contingencies would have been met for the next two years. However, the record reveals that Kelly was enrolled in a two-year program at Kansas Newman and her testimony was unclear with respect to the amount of additional time she would need to complete her education. We conclude that the trial court's refusal to assess damages for tuition, room and board for future educational endeavors by Kelly is supported by the evidence.

Plaintiffs also contend that the court should have included in its award the cost of Kelly's books for a four-year education. However, the testimony offered to prove the amount of this expense was vague and indefinite. In addition, the exhibit which plaintiffs assert estimates the cost of books was not included in the record on appeal. The burden is upon the appellant to designate a record sufficient to present its points to the appellate court and to establish the claimed error. *State ex rel. Ludwick v. Bryant*, 237 Kan. 47, Syl. ¶ 6, 697 P.2d 858 (1985). When appellant fails to include an exhibit as part of the record, questions regarding information contained therein cannot be answered on appeal. *Kohn v. Babb*, 204 Kan. 245, 248, 461 P.2d 775 (1969).

Plaintiff Joyce Johnson claims that the court disregarded the evidence in failing to award her $500 for attorney fees paid to defendant to obtain her divorce. In reviewing the record and paragraph 13 of the divorce decree, it appears that Richard Johnson paid the $500 attorney fee. Since there was no contrary evidence, we conclude that the trial court did not err in refusing to award this item of damages to plaintiff.

Finally, plaintiffs contend that the trial court erred in reducing the award of damages to Kelly Johnson by the amount of aid she

received in grants and scholarships. They contend that under the collateral source rule, this independent source of compensation could not diminish the amount of her recovery.

The collateral source rule was recently defined as follows:

" 'The collateral source rule permits an injured party to recover full compensatory damages from a tortfeasor irrespective of the payment of any element of those damages by a source independent of the tortfeasor. The rule also precludes admission of evidence of benefits paid by a collateral source, except where such evidence clearly carries probative value on an issue not inherently related to measurement of damages. [Citation omitted.]' " *Wentling v. Medical Anesthesia Services*, 237 Kan. 503, 515, 701 P.2d 939 (1985).

Defendant contends that because the receipt of the grants and scholarships was wholly gratuitous, the collateral source rule should not apply. This appears to be a minority view. See, *e.g.*, *Fla. Physician's Ins. Reciprocal v. Stanley*, 452 So. 2d 514, 515-16 (Fla. 1984), and cases cited therein. The majority rule is that gratuitous payments received by injured parties cannot be used to mitigate damages. See, *e.g.*, *Werner v. Lane*, 393 A.2d 1329, 1335-36 (Me. 1978). In a diversity action brought in the federal district court of this state, Judge Frank Theis stated that "[t]he general rule in Kansas is to exclude evidence which would show damages claimed by a party were in fact paid by someone else, or that services had been provided gratuitously." *Doran v. Priddy*, 534 F. Supp. 30, 35 (D. Kan. 1981). Subsequently, our own Supreme Court adopted much of the reasoning and holding of *Doran* when it held that a statute which sought to abrogate the common-law collateral source rule in medical malpractice actions, K.S.A. 60-471 (repealed, L. 1985, ch. 197 § 5), was unconstitutional. *Wentling*, 237 Kan. at 516-18. Although the application of the collateral source rule to gratuitous payments was not at issue in *Wentling*, the Court gave tacit approval to *Doran's* characterization of the Kansas common law as consistent with the majority rule.

In light of *Wentling* and *Doran*, we conclude that the collateral source doctrine applies to payments or services received gratuitously as well as those received as the result of some obligation. Therefore, the trial court erred in deducting the value of the scholarships and grants received by Kelly Johnson from the damages awarded.

The judgment of the trial court is affirmed in all respects except insofar as the award of damages was reduced in contra-

diction of the collateral source rule. The judgment on the latter point is reversed and remanded to the trial court with directions to enter judgment in favor of the plaintiff Kelly Johnson in accordance with this opinion.