No. 67,415

TED C. VEATCH, *Appellant,* v. TERRY E. BECK, *Appellee.*

(850 P.2d 923)

Opinion filed April 21, 1993.

*Gary D. McCallister,* of Davis, Wright, Unrein, Hummer & McCallister, of Topeka, argued the cause and was on the briefs for appellant.

*Jeffrey W. Jones,* of Sloan, Listrom, Eisenbarth, Sloan & Glassman, of Topeka, argued the cause, and *Thomas L. Theis,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by Ted Veatch, plaintiff, from the trial court's dismissal of his legal malpractice action against the defendant, Terry Beck, who represented Veatch in the underlying disability action. The appeal was transferred on motion from the Court of Appeals to this court, pursuant to K.S.A. 20-3018(c).

On February 27, 1986, Beck filed an action on behalf of Veatch in Shawnee County, Kansas (disability action). Veatch claimed that he has been continuously totally disabled since September 17, 1980, and that he is entitled to disability benefits from KPERS using that date as the onset of his disability. Summary judgment was entered against Veatch on the ground that the action was time barred. The trial court identified December 16, 1985, as the cutoff date.

Beck, on behalf of Veatch, appealed the judgment. The Court of Appeals affirmed in an unpublished *per curiam* opinion pursuant to Rule 7.042(d) and (e) (1992 Kan. Ct. R. Annot. 35). Petition for review was denied by this court.

Veatch filed the present action in Shawnee County seeking damages from Beck (malpractice action). The action was dismissed on the ground that Veatch failed to state a cause of action against Beck because the disability action was filed timely, notwithstanding the previous judgment to the contrary in the disability case.

The sole question on appeal is whether the district court erred in dismissing Veatch's malpractice action. Because matters outside the pleadings, including the insurance policy and the judgment in the disability action, were considered by the district court, the court's disposition will be treated as an entry of summary judgment. See K.S.A. 1992 Supp. 60-212(b). If the parties stipulate to the facts, appellate review of an entry of summary judgment is de novo. *Mark Twain Kansas City Bank v. Kroh Bros. Dev. Co.*, 250 Kan. 754, Syl. ¶ 2, 829 P.2d 907 (1992).

Veatch's position is this: First, the judgment entered against him in the disability action is controlling in the present malpractice action and is not susceptible to collateral attack. Second, the judgment entered against him in the disability action is correct. Third, even if the judgment entered against him in the disability action is incorrect, the malpractice action should not have been dismissed because there remain genuine issues of material fact concerning negligence and causation for Beck's failure to file within the shortest possible time and to provide appropriate arguments and authorities in the trial court or on appeal.

Beck responds that, in this malpractice action, the court is not bound by the judgment in the disability action. He claims that even if the court normally would be bound by the decision in the underlying suit, in this case the court should not be bound because that decision was wrong in that he timely filed the disability action on behalf of Veatch. Beck argues that, if the erroneous judgment controls in the malpractice action, he could be held liable for negligence that he did not commit.

In the disability action, the trial court filed a memorandum decision and order granting the motion of KPERS for summary judgment. The court reasoned that Veatch's cause of action accrued when his proof of loss was due, *90 days* after he became disabled. That date was December 16, 1980. Legal action had to be filed within five years. Thus, the action filed on February 27, 1986, was filed after the limitations period expired on December 16, 1985.

The Court of Appeals affirmed. Its *per curiam* unpublished opinion states in full:

"After submission of briefs and oral argument on the appeal the court determines that no reversible error of law appears. The opinion, findings

of fact, and conclusions of law of the trial court adequately explain the decision. The trial court did not abuse its discretion. Accordingly, we affirm under Rule 7.042(d) and (e) (1988 Kan. Ct. R. Annot. 34)."

Supreme Court Rule 7.04 (1992 Kan. Ct. R. Annot. 33, 35) provides that an unpublished opinion has no precedential value "*except* to support a claim of res judicata, collateral estoppel, or law of the case." (Emphasis added.)

In the present action, the trial court reasoned that Veatch's cause of action accrued, according to the disability insurance policy, when his proof of loss was due *300 days* after he became disabled. In other respects the reasoning matched that of the disability action court.

The discrepancy springs from the disability action court using one phrase and the malpractice action court using another from the "Written Proof of Loss" provision of the policy. The provision states:

### "WRITTEN PROOF OF LOSS

Written proof of loss must be furnished to the Company at its Home Office within 90 days after the termination of the period for which claim is made with respect to any loss for which this section provides any payment contingent upon continuing loss and within 90 days after the date of loss for which claim is made with respect to any other loss."

The disability action court thought the proof of loss was due 90 days after the loss, and in this action the trial court thought otherwise.

Beck has been involved at every stage. He represented Veatch when the courts concluded that the disability claim was time barred. Beck crafted the arguments in response to which these determinations were made. At the trial court level, he argued in the disability action that "the statute of limitations did not begin to run until there was a breach of contract" and that the breach occurred when KPERS denied the claim on June 30, 1981. This is not the argument he makes in the present case. He failed to bring the legal theory and what he now regards as the controlling authority, *Goff v. Aetna Life and Casualty Company, Inc.,* 1 Kan. App. 2d 171, 563 P.2d 1073 (1977), to the attention of the trial court in the disability action. Beck failed to formulate an argument that was consistent with the provisions of the policy he had been retained to enforce.

In the disability action, Beck filed an eight-page brief with the Court of Appeals that cites *Goff* for the proposition that the limitations period for an action on installment benefits must be calculated with regard to the due dates of each installment and each corresponding proof of loss. This argument is fine as far as it goes, but it fails to provide the key to the disposition of Veatch's claim. It fails even to note the lower court used the wrong phrase from the "Written Proof of Loss" provision. Nor did Beck point out that *Goff* equates loss due to continuing disability with loss for which payment is contingent upon continuing loss.

Beck's position is that the judgment in the disability action should be reexamined because it is incorrect and allowing it to stand exposes him to liability for negligence he did not commit. He argues that "an error by the attorney is a necessary ingredient in any legal malpractice action."

An overburdened Court of Appeals panel disposed of the original disability case pursuant to Rule 7.042 and did not set forth that Beck failed to adequately raise to the trial court those issues upon which he relied on appeal. The rule is well established that a point not raised and presented to the trial court cannot be raised for the first time at the appellate level. *State v. Holley,* 238 Kan. 501, 508, 712 P.2d 1214 (1986).

After the Court of Appeals affirmed the trial court in the original case, Beck filed a two and one-half page petition for review with this court. The petition contained one page of legal argument that did not set forth clearly the issues presented in the malpractice action. This court is well aware of the fundamental rule that a party cannot raise a point for the first time on appeal. We denied review.

Having failed to raise the point at trial, it could not be raised on appeal; thus, the trial court erred in allowing Beck to use a point he failed to use in the disability case as a defense in the malpractice action. Having so concluded, we need not address whether the trial court and Court of Appeals erred in the disability case.

Our reversal does not necessarily mean liability on Beck's part. The merits of Veatch's malpractice claim depend on a determination of the merits of his underlying disability claim. If Veatch is not entitled to benefits for reasons independent of the statute

of limitations problem, Beck's conduct will not be a cause of Veatch's loss.

Reversed.

DAVIS, J., not participating.

ALLEGRUCCI, J., dissenting: I find no support in the record for the majority's conclusion that Beck raised the controlling issue for the first time on appeal. The controlling issue in the underlying disability action was whether Veatch's disability claim was time barred. Beck argued in the disability action that "the statute of limitations did not begin to run until there was a breach of contract" and that occurred when KPERS denied the claim on June 30, 1981.

The district court rejected Beck's argument, made on Veatch's behalf, that "the disability payments are a continuing obligation and therefore each payment, when due, begins a separate period for the statute of limitations to run." Beck cited *Sharp v. Sharp,* 154 Kan. 175, 117 P.2d 561 (1941), which the district court distinguished on the ground that Sharp's installment payments were ordered as part of a final judgment. With regard to Veatch's disability claim, the district court stated that the "issue is unresolved as to whether the installments were or are owed and, in addition, there is no judgment." The court reasoned that Veatch's cause of action accrued when his proof of loss was due *90 days* after he became disabled. That date was December 16, 1980. Legal action had to be filed within five years. The action filed on February 27, 1986, was filed after the limitations period expired on December 16, 1985.

On appeal, Beck asserted that under the policy the first periodic payment was due after 180 days of continuous total disability, the proof of loss was due 90 days later, and no judicial action could be filed more than five years after the deadline for the proof of loss. He asserted that Veatch's continuous total disability began on September 17, 1980, the day following his final day of employment. Applying that theory to Veatch's circumstances, he

argued that the disability action was timely filed on February 27, 1986, because it was within five years and 270 days of the onset of continuous disability. The last possible day for filing the disability action would have been, pursuant to this reasoning, June 14, 1986.

As noted by the majority, the Court of Appeals affirmed the district court pursuant to Supreme Court Rule 7.042 (1992 Kan. Ct. R. Annot. 35). The controlling issue in that appeal was whether the district court had correctly ruled that Veatch's disability claim was time barred.

In the present malpractice action, the decision dismissing Veatch's claim states that counsel for the parties "admitted in their statements to the court that the controlling issue of law to be determined in advance of trial is whether the [disability action] was timely filed." The district court ruled that it was timely filed.

In dismissing the malpractice action, the district court stated that the "interpretation of the Court in *Goff [v. Aetna Life and Casualty Company, Inc.,* 1 Kan. App. 2d 171, 563 P.2d 1073 (1977),] . . . of the statutory provisions found in K.S.A. 40-2203(A)(7) cannot reasonably be distinguished from the case now before this court and the provisions of the policy relating thereto, and at issue herein."

In the malpractice action, neither Beck nor the district court identified the problem with the disability action court's analysis as being its choice as to which phrase of the "Written Proof of Loss" provision applied. The district court's analysis tracks the argument made by Beck in the appeal in the disability action. The only departure is in the district court's adding 30 days to the limitations period to accommodate the period, following the 180-day waiting period, for which the first monthly benefit payment would be payable. Thus, the district court figured that Veatch's disability action could have been filed anytime within 300 days following the onset of continuous disability, *i.e.,* on or before July 13, 1986.

Although in the disability action Beck did not cite *Goff,* the case on which he now relies, to the district court, he did so in the appeal. He filed an eight-page brief which contains citation to *Goff* for the proposition that the limitation period for an action on installment benefits must be calculated with regard to the due

dates of each installment and each corresponding proof of loss. Although he fails to note that the lower court used the inappropriate phrase from the "Written Proof of Loss" provision, it was obvious from the opinion which phrase the court relied on. In addition, on appeal, Beck cited the *Goff* case, which was ultimately determined to control the limitation issue in the present case, and he consistently argued that Veatch's claim was not time barred.

The question of Beck's raising an issue for the first time on appeal was never raised in the disability case or by Veatch in the present case. Obviously, Beck does not raise an issue for the first time in the present appeal since he is not the appellant. Veatch, not Beck, appeals the district court's decision that his liability claim was timely filed. Nor did the Court of Appeals, whether overburdened or not, find that Beck raised an issue for the first time on appeal in the disability case.

The majority is not reversing the district court on the ground that Beck raised an issue for the first time in this appeal or in the appeal on behalf of Veatch in the disability case. Rather, the majority goes one step further, stating, "[h]aving failed to raise the point at trial, it could not be raised on appeal; thus, the trial court erred in allowing Beck to use a point he failed to use in the disability case as a defense in the malpractice action." Simply stated, the majority rules that Beck is estopped from raising the issue in the present case. The majority cites no authority for its ruling.

Veatch does not specifically argue estoppel, but he implies that some principle of estoppel does or should apply. Res judicata is not the applicable estoppel form, as it is the "[r]ule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action." Black's Law Dictionary 1305 (6th ed. 1990).

Collateral estoppel, at least in its traditional form, is not the appropriate estoppel form as it, like res judicata, involves the same parties. It is defined as follows: "When an issue of ultimate fact has been determined by a valid judgment, that issue cannot

be again litigated between the same parties in future litigation."
Black's Law Dictionary 261.

The absence of a requirement of complete privity, however, is what some commentators denote as differentiating collateral estoppel from res judicata. In their treatise on legal malpractice, Mallen and Smith state that collateral estoppel is available where the following four questions can be answered affirmatively:

"(1) Was the issue decided in the prior adjudication identical to the issue presented in the present action? (2) Was there a final judgment on the merits? (3) Is the party against whom the defense is asserted a party or in privity with a party to the prior adjudication? (4) Will the application of the defense work an injustice?" 2 Mallen & Smith, Legal Malpractice § 17.13, p. 51 (3d ed. 1989).

Where applicable, the defense "prevents the party from relitigating the issue in a subsequent action." 2 Mallen & Smith, Legal Malpractice § 17.13, p. 51.

Mallen and Smith recognize that an erroneous underlying judgment presents the "most difficult problem" to be resolved. In this regard, they state:

"Some courts have held that an attorney cannot collaterally attack a ruling of law. This view may be justified under circumstances where the attorney authored and urged that position to the client as being correct. Otherwise, it is obviously unfair to fault an attorney for the court's error and preclude him from challenging an issue which may be the very basis for his alleged liability. The illogic and impropriety of such estoppel has been recognized." 2 Mallen & Smith, Legal Malpractice § 17.13, p. 54.

One cited authority for the above-quoted paragraph is *Johnson v. Baker,* 11 Kan. App. 2d 274, 719 P.2d 752 (1986), a legal malpractice case based on dual theories of breach of contract and negligence. Baker represented Joyce Johnson in a divorce. When the former husband failed to perform the obligation stated in the journal entry of the divorce action, Johnson filed a motion to compel. It was denied on the ground that the journal entry was not binding on the former husband. Johnson sued Baker. The district court denied relief on the breach of contract claim on the ground that the journal entry was binding on the former husband. Damages were awarded on the negligence claim.

On appeal Johnson argued that, because the divorce court refused to enforce the journal entry, Baker should have been col-

laterally estopped from claiming that he obtained an enforceable agreement in the divorce action and therefore had not breached his contract with Johnson to do so. The Court of Appeals disposed of the argument as follows:

"Plaintiffs argue that the trial court erred in permitting a collateral attack on the earlier judgment. However, collateral estoppel only bars relitigation of an issue when the parties to the subsequent action are the same or in privity therein. *Wells v. Davis*, 226 Kan. 586, 589, 603 P.2d 180 (1979). Defendant was not a party to the prior case, nor was he in privity with either party in the proceeding brought to enforce the divorce decree. Collateral estoppel was not applicable." 11 Kan. App. 2d at 276.

The Court of Appeals' stated reason for allowing relitigation of an issue decided in the divorce action was the lack of complete privity, although, as the commentators suggest, perhaps it was a desire to avoid any unfairness which lies at the heart of the decision.

In the present case, Veatch seeks to prevent Beck from collaterally attacking the court's determination that the disability claim was time barred. That is, the person who was a party to the previous action seeks to prevent the person who was not a party from collaterally attacking a matter previously adjudicated. It is the same line-up as in *Johnson*. Mallen and Smith cite *Johnson* for the proposition that estoppel should not apply where an attorney would be unfairly faulted for a court's error.

Beck's position is that the judgment in the disability action should be re-examined because it is incorrect and allowing it to stand exposes him to liability for negligence he did not commit. He argues that "an error by the attorney is a necessary ingredient in any legal malpractice action." In this regard, Beck relies on the following:

"Since the determination of whether an attorney erred raises a question of law, the opinions of expert witnesses on the issue are not admissible evidence. Even though the point of law may have been decided in the underlying action, the court should not assume that the issue was properly decided nor that the attorney is bound by the decision unless it was caused by the attorney's misconduct." 2 Mallen & Smith, Legal Malpractice § 27.10, p. 654.

This is not a case where the attorney's conduct, or misconduct, caused the decision.

If Beck is correct that Veatch's claim was timely filed, it would be unfair to hold Beck responsible for the error committed by the trial and appellate courts in the underlying disability action. He should not be precluded from collaterally attacking the decision rendered in the underlying disability case. Thus, the district court should not be reversed absent a finding by this court that the disability claim was time barred.

I agree with the district court that the rationale and result of *Goff*, 1 Kan. App. 2d 171, is applicable and requires the conclusion that the claim was timely filed. I would affirm the district court.

HOLMES, C.J., and HERD, J., join in the foregoing dissenting opinion.