(43 P.3d 260)

No. 87,171

WILLIAM TAYLOR, *Appellant*, v. ALLSTATE INDEMNITY COMPANY, *Appellee*.

Opinion filed April 12, 2002.

*Kala Spigarelli*, of Spigarelli, McLane & Short, of Pittsburg, for appellant.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chtd., of Overland Park, for appellee.

Before ELLIOTT, P.J., GERNON and GREEN, JJ.

ELLIOTT, J.: William Taylor appeals the trial court's summary judgment favoring Allstate Indemnity Company (Allstate), ruling Taylor was not entitled to underinsured motorist benefits under Allstate policies issued to William Ziegler or Kristina McKenney.

We affirm.

The essential facts are these: A vehicle driven by Michael Stanturf collided with a car driven by William Ziegler. William and his passengers, Joyce Ziegler, appellant Taylor, and Taylor's significant other Kristina McKenney, were injured in the accident.

Progressive Insurance Company provided liability coverage for the Stanturf vehicle of $25,000 per person and $50,000 per acci-

dent. Progressive interpled $50,000, and the district court ordered the sum to be divided as follows: William Ziegler $25,000; Kristina McKenney $12,500; Joyce Ziegler $6,250; and Taylor $6,250.

Taylor sued Allstate for underinsured motorist benefits (UIM) under a policy issued to William Ziegler and a policy issued to Kristina McKenney. Ziegler's UIM coverage had limits of $50,000 per person and $100,000 per accident. Under this UIM coverage, Allstate had already paid $25,000 to William Ziegler and $25,000 to Kristina McKenney. McKenney's UIM coverage had limits of $25,000 per person and $50,000 per accident. McKenney's policy did not list Taylor as a named insured.

Allstate moved for summary judgment, arguing there was no UIM coverage under the Ziegler policy because the limits had been exhausted, and no UIM coverage under the McKenney policy because Taylor was not an insured and UIM benefits cannot be stacked. Agreeing, the trial court granted Allstate summary judgment and this appeal by Taylor follows.

Except for an immaterial dispute, the parties agree on the facts of this case. Our review is plenary on an order granting summary judgment based on stipulated facts. *Veatch v. Beck*, 252 Kan. 1081, 1082, 850 P.2d 923 (1993). Further, whether an insurance contract provides UIM coverage is a question of law, over which we also have unlimited review. See *Cashman v. Cherry*, 270 Kan. 295, 298, 13 P.3d 1265 (2000).

### *Taylor's claim to UIM benefits under the Ziegler policy*

Without question, Taylor was an insured person under the UIM portion of the Ziegler policy. Taylor argues the trial court's decision on this issue ignores the public policy of providing broad coverage for innocent persons injured in car wrecks, citing K.S.A. 40-284 and *Rich v. Farm Bur. Mut. Ins. Co.*, 250 Kan. 209, Syl. ¶ 2, 824 P.2d 955 (1992).

Here, the trial court held K.S.A. 40-284 and the Ziegler policy required the UIM coverage limit to be reduced by the liability limits carried by the tortfeasor. This left $50,000 in UIM benefits which had already been exhausted by distributions to William Zie-

gler and Kristina McKenney. Thus, ruled the trial court, there was no remaining coverage for Taylor.

K.S.A. 40-284(b) provides:

"Any uninsured motorist coverage shall include an underinsured motorist provision which enables the insured . . . to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle with coverage limits equal to the limits of liability provided by such uninsured motorist coverage to the extent such coverage exceeds the limits of the bodily injury coverage carried by the owner or operator of the other motor vehicle."

To calculate the amount of UIM coverage available to Taylor, the limits of Stanturf's liability policy must be subtracted from the limits of Ziegler's policy. See *Allied Mut. Ins. Co. v Gordon*, 248 Kan. 715, 733, 811 P.2d 1112 (1991). On this issue, the trial court's determination that the Ziegler policy's UIM coverage was only $50,000 was correct.

Here, the trial court properly applied the teachings of *Jones v. Automobile Club Inter-Insurance Exchange*, 26 Kan. App. 2d 206, 209, 981 P.2d 767, *rev. denied* 268 Kan. 847 (1999).

### *Taylor's claim to UIM benefits under the McKenney policy*

Taylor also claims the trial court erred in ruling the McKenney policy did not provide UIM coverage for him. Since he was listed as a named operator under the policy and Allstate paid him PIP benefits, Taylor claims he is entitled to UIM benefits.

The McKenney policy provides: "We will pay damages which an insured person is legally entitled to recover from the owner or operator of an uninsured or underinsured auto because of bodily injury sustained by an insured person." The trial court ruled Taylor was not an "insured person" under the McKenney policy. "Insured person" is there defined as:

"1. You and any resident relative.
"2. Any other person while in, on, getting into or out of an insured auto with your permission.
"3. Any other person who is legally entitled to recover because of bodily injury to you, resident relative, or an occupant of your insured auto with your permission."

"You" is defined as the named policyholder and his or her resident spouse. The named insured is Kristina McKenney. Taylor is not McKenney's spouse or relative, and McKenney's vehicle was not involved in the accident. Further, whether Allstate paid PIP benefits to Taylor under McKenney's liability coverage is irrelevant to the issue of UIM coverage. The trial court did not err in ruling McKenney's UIM coverage did not extend to Taylor.

Taylor also claims the trial court erred in denying his motion for relief due to newly discovered evidence. The claim misses the mark. First, the "newly discovered evidence" is appended to his brief but is not included in the record on appeal. Material appended to a brief but not included in the record on appeal will not be considered on appeal. *Zeferjohn v. Shawnee County Sheriff's Dept.*, 26 Kan. App. 2d 379, 383, 988 P.2d 263 (1999).

Second, Taylor has filed another appeal regarding the trial court's denial of his motion for relief from judgment (case No. 87,851). The appeals were not consolidated and, thus, this issue is not properly before the court in the present case.

Affirmed.