(107 P.3d 445)
No. 91,309█

DAVID A. NORLIN, *Appellant*, v. BOARD OF TRUSTEES OF THE
CLOUD COUNTY COMMUNITY COLLEGE, CLOUD COUNTY,
KANSAS, *Appellee*.

Opinion filed
September 17, 2004.

*David M. Schauner* and *Marjorie A. Blaufuss*, of Kansas National Education
Association, of Topeka, for appellant.

*Robert D. Overman* and *Richard A. Kear*, of Morris, Laing, Evans, Brock &
Kennedy, Chartered, of Wichita, for appellee.

Before RULON, C.J., ELLIOTT and HILL, JJ.

ELLIOTT, J.: David A. Norlin appeals the denial of his motion and the granting of the Cloud County Community College Board of Trustees' (College) motion for summary judgment.

We affirm.

The facts are not really in dispute. Norlin is a tenured teacher at the College and was paid a base salary plus additional income for additional duties as specified in his contract. While Norlin's teaching assignments and additional duties varied over time, consistent through the years was that the College assigned Norlin basic instructional duties in conjunction with extra assignments, which boosted his salary each year. This changed in the 2002-2003 school year. Norlin remained an instructor but no longer received extra duties or additional income.

Norlin's basic claim is that he was denied due process as required by K.S.A. 72-5436 *et seq.* when his contract with the College was changed without the extra/extended duties and pay he previously had. Norlin seems to allege the College had to renew his contract in its entirety or terminate it by May 1 and then renegotiate a new contract.

This case deals with the commingling of issues concerning summary judgment, contract interpretation, and statutory interpretation. In all issues, our review is unlimited. *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003) (statutory construction); *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 763, 27 P.3d 1 (2001) (written instruments); *Veatch v. Beck*, 252 Kan. 1081, 1082, 850 P.2d 923 (1993) (summary judgment).

When the legislature passed K.S.A. 72-5410 *et seq.* it solidified that tenured teachers have a property interest in continued employment. See *Baldwin v. U.S.D. No. 418*, 23 Kan. App. 2d 280, 285, 930 P.2d 18 (1996). When that property interest is impaired, the statutes lay out guidelines the College must follow. K.S.A. 72-5437(a) provides that unless the College notifies a teacher by May 1, or unless a teacher notifies the College by May 15, then the previous year's contract is continued for the following year.

However, these due process provisions do not apply to supplemental contracts entered into under K.S.A. 72-5412a. See *Baldwin*, 23 Kan. App. 2d at 283.

Although the statutes protect a teacher from being dropped from full-time to part-time employment without following the proper procedures (*In re Due Process Hearing of McReynolds*, 273 Kan. 514, 521-23, 44 P.3d 391 [2002]), they do not guarantee a teacher a certain salary or position. See *Baldwin*, 23 Kan. App. 2d at 284-85.

Any assignments beyond the normal teaching duties are considered supplemental duties and cannot be turned into part of the primary contract. *Hachiya v. U.S.D. 307*, 242 Kan. 572, 577, 750 P.2d 383 (1988). Further, in the normal school setting, summer school is deemed separate from regular teaching duties. See *NEA-Topeka, Inc. v. U.S.D. No. 501*, 225 Kan. 445, 454, 592 P.2d 93 (1979). This holding implies only the base teaching contract is protected by the Teacher Due Process Act.

Further, even when one instrument memorializes the basic teaching contract *and* the supplemental duties, this does *not* make the supplemental duties part of the primary contract. *Swager v. Board of Education, U.S.D. No. 412*, 9 Kan. App. 2d 648, 654-56, 688 P.2d 270 (1984).

Under these circumstances, the supplemental duties can be unilaterally terminated by either party without notice. 9 Kan. App. 2d at 656. In determining whether the duties are supplemental, a court considers several factors, including whether the supplemental duties are listed separately with separate salaries, as was the case here. See 9 Kan. App. 2d at 656.

In the present case, the additional duties Norlin performed over the years went beyond his regular, basic teaching requirements, as shown by the fact they were listed separately and each increased Norlin's base teaching pay.

The trial court properly granted the College's motion for summary judgment.

Affirmed.